## JOSEPH H. NEWTON *et al.*

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. SCHOOL LAW—*suit to recover fine.* In a suit under section 76 of the School Law of 1872, to recover a fine imposed by that section, the information required need not be in writing, nor is it necessary that it should run in the name of the People of the State of Illinois. It is sufficient, if the process which brings the defendant into court runs in the name of the people.

2. The word "information," as used in the 76th section of the School Law of 1872, means "complaint."

APPEAL from the Circuit Court of Jefferson county ; the Hon. TAZEWELL B. TANNER, Judge, presiding.

Messrs. CREWS & HAYNES, for the appellants.

Mr. C. H. PATTON, and Mr. T. S. CASEY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was commenced before a justice of the peace, on the information of Benjamin F. Clifton, against appellants,

under the 76th section of the School Law of 1872, to recover a fine imposed by that section upon school officers, for malfeasance in office. The only point made is, that the written information or affidavit filed with the justice of the peace, upon which he issued the summons, did not run in the name of the People of the State of Illinois.

No written pleadings are required before a justice of the peace. The information given in this case might have been made orally, under oath. The process that brought appellants into court, did run in the name of the people, and that is all the law requires in such cases.

The word "information," as used in the statute, means "complaint," in the connection in which it is used in the section under which this action was commenced. The context shows that other penalties, imposed by the same section, may be collected in an action of assumpsit, before a justice of the peace. Whether this action is debt or assumpsit, is immaterial. It is sufficient that it is in the name of the people, on the information or complaint of any citizen aggrieved.

The action was properly brought in the name of the People of the State of Illinois. No objection has been or can be taken to the sufficiency of the complaint or information to warrant the institution of the prosecution.

It is quite formal, and contains every material fact necessary to be alleged.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*