(No. 14973.—Judgment affirmed.)

THE PEOPLE ex rel. P. L. Peterson et al. Appellants, vs.
WILL POLLOCK, Appellee.

*Opinion filed December 19, 1922—Rehearing denied Feb. 9, 1923.*

1. CONSTITUTIONAL LAW—*legislature may do any legislative act not prohibited by the constitution.* The constitution is a restriction on the legislature, which has power to do any legislative act not prohibited.

2. SAME—*judgment of legislature as to application of general law is final.* Except in certain cases where local or special legislation is expressly prohibited by the constitution there is no prohibition against the passage of local or special laws, and the question whether a general law can be made applicable is addressed to the legislature and cannot be inquired into by the courts.

3. SAME—*the constitution does not require all offices created by statute to be filled by elections.* There is no general spirit of the constitution which requires all offices created by statute to be filled by election and it provides no general system for filling vacancies, but the provision of section 10 of article 5 that the Governor shall appoint all officers whose appointment or election is not otherwise provided for, recognizes the power of the legislature to provide otherwise for the appointment or election of officers without limiting this power to either appointment or election.

4. SCHOOLS—*provision of section 89a of School law for appointment to fill vacancy in board of education is valid.* The provision of section 89a of the School law that in case of a vacancy in the board of education of a community high school district "the remaining members shall appoint a successor for the unexpired term," regardless of an intervening regular election, does not violate section 22 of article 4 of the constitution, prohibiting the passage of local or special laws for the management of common schools or for opening or conducting elections, as said provision has nothing to do with elections or with the "management" of schools, which means the conduct of schools in imparting instruction.

5. SAME—*voters who organize community high school district accept provisions of statute for selecting school board with taxing power.* While the legislature cannot delegate the power of taxation to other officers than those selected by the people, the people of a community high school district by voting to organize under the law accept the provisions of section 89a of the School law for the selection of members of the board of education, which is given

the power of taxation; and the fact that vacancies are filled by appointment of the board instead of by election does not violate any constitutional rights of the tax-payers.

6. SAME—*manner of filling vacancies need not be uniform.* The legislature may grant to a municipal corporation the right to elect or appoint its own officers in such manner as the legislature sees fit, or to elect some officers and appoint others, or to determine whether certain offices shall be filled by election or appointment; and the constitution does not require that the manner of election or appointment of officers of all municipalities or of filling vacancies shall be uniform.

7. SAME—*what does not render method of filling vacancies invalid.* The fact that vacancies in the office of member of the board of education of a community high school district are required to be filled by the remaining members of the board by appointment for the remainder of the term while like vacancies in township high school districts must be filled by a special election does not render either method invalid.

APPEAL from the Circuit Court of Ford county; the Hon. EDWARD BARRY, Judge, presiding.

CLAUDE M. SWANSON, State's Attorney, LIVINGSTON & WHITMORE, and E. J. PACEY, for appellants.

F. M. THOMPSON, DOBBINS & DOBBINS, and F. B. LEONARD, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

Section 89*a* of the School law provides for the organization of community high school districts and the election of boards. of education for the management of them. "In case of a vacancy" it declares "the remaining members shall appoint a successor for the unexpired term." The question presented on this appeal is whether the legislature can confer on the remaining members of the board power to appoint to fill the vacancy beyond the period of the next regular election for members of the board.

Paxton Community High School District No. 117 was organized in the spring of 1920 and a board of education

was elected.    One of the members whose term would ex-
pire in April, 1921, being about to move to Ohio, resigned
in September, 1920, and the remaining members appointed
J. B. Carson to fill the vacancy.    He was elected to suc-
ceed himself in April, 1921, and in the fall of that year
he, too, resigned, and the remaining members of the board
appointed Will Pollock to fill the vacancy.    On the second
Saturday of April, 1922, two members were elected to suc-
ceed those members whose terms regularly expired at that
time, but no successor to Pollock was elected and he con-
tinued to perform the duties of the office.    On April 14
the State's attorney of Ford county, at the relation of sev-
eral residents and tax-payers of the district, was granted
leave to file an information in the nature of *quo warranto*
against Pollock, requiring him to show by what authority
he claimed to hold and exercise the office of member of
the board of education of the school district.    When the
respondent appeared he filed a motion to set aside the or-
der granting leave to file the information, which was heard
upon affidavits for and against it.    The court set aside the
order granting leave and ordered the petition dismissed, and
the relators appealed.

The appellants' position is that the provision of sec-
tion 89a for filling a vacancy on the board violates section
18 of article 2 of the constitution, providing that all elec-
tions shall be free and equal, and section 22 of article 4,
which prohibits the passage of any local or special law
providing for the management of common schools, or for
opening or conducting any election, or granting to any cor-
poration, association or individual any special or exclusive
privilege, immunity or franchise whatever, or in any other
case where a general law can be made applicable.    They
further contend that in no other case of vacancy in office
is a power of appointment given beyond the next regular
election of the political unit or subdivision in which the
vacancy exists when sufficient time elapses between the date

of the vacancy and the next regular election to properly submit to a vote the filling of the vacancy by election, and therefore they argue that the provision is special legislation, without any reasonable purpose or ground therefor, and is contrary to the spirit and purpose of the constitution.

In reference to this last objection it may be said that the constitution is a restriction on the legislature, which has power to do any legislative act not prohibited by the constitution; that the constitution has prohibited local or special legislation in certain enumerated cases; that except in those cases there is no prohibition against the passage of local or special laws, except the general prohibition in all cases where a general law can be made applicable; and that this last prohibition cannot be enforced by the courts but is addressed to the legislature, whose judgment as to whether a general law can be made applicable or not is conclusive. The provision cannot, therefore, be declared unconstitutional as being against the general spirit of the constitution. There is no general spirit of the constitution which requires all offices created by statute to be filled by election. Section 10 of article 5 provides for the appointment by the Governor of all officers whose offices are established by the constitution or may be created by law and whose appointment or election is not otherwise provided for, and thereby recognizes the power of the legislature to provide otherwise for the appointment or election of officers without limiting this power to either appointment or election.

The provision in question has nothing to do with elections,—certainly not with opening or conducting them. Neither has it anything to do with the freedom of elections or their equality. What is meant by the constitutional provision that all elections shall be free and equal was stated in *People* v. *Hoffman,* 116 Ill. 587: "Elections are free where the voters are subjected to no intimidation or improper influence and where every voter is allowed to

cast his ballot as his own judgment and conscience dictate. Elections are equal when the vote of every elector is equal in its influence upon the result to the vote of every other elector,—when each ballot is as effective as every other ballot." It was further said (p. 600) : "This general declaration has reference to the rights of the individual voter. It does not refer to uniformity of election procedures in different communities." The provision has nothing to do with the management of schools. It was held in *Speight* v. *People,* 87 Ill. 595, and *Fuller* v. *Heath,* 89 id. 296, that there is no limit in the constitution as to the agencies the State shall adopt in providing the system of free schools, and the General Assembly has full power to prescribe the agencies by which taxes shall be levied, collected and disbursed for school purposes, and that all laws designed to affect free schools may be regarded as school laws, but that the provision of section 22 of article 4 of the constitution, in regard to the power of passing special laws, relates only to the management of common schools,—that is, to the conduct of common schools in imparting instruction.

The constitution has provided for the election of many officers. It contains no general provision for the election of all officers. Many State officers, county officers and district officers must be elected, but there is nothing in the constitution requiring all municipal officers or school officers to be elected. The General Assembly is required to provide a thorough and efficient system of free schools, but the officers by which the system shall be administered and the manner of the election are left entirely to the discretion of the legislature.

The members of the board of education are the corporate authorities of the community high school district, and the General Assembly cannot delegate the power of taxation, which is conferred on the board of education, to other officers than those who are directly elected by the people to be taxed, or appointed in some mode to which they have

given their assent. (*Morgan* v. *Schusselle,* 228 Ill. 106.) The people of the district, by voting to organize under the law, accepted its provisions making the members of the board of education its corporate authorities and consented that they might be elected and vacancies might be filled as provided in that act. *Cornell* v. *People,* 107 Ill. 372.

The constitution provides no general system for filling vacancies. There are no home-rule provisions in our constitution which require municipal officers to be elected by a vote of the municipality. For this reason many of the decisions cited by the appellants from other States have no application here.

The constitution provides for the filling of vacancies in the offices of Auditor of Public Accounts, Treasurer, Secretary of State, Attorney General and Superintendent of Public Instruction by appointment by the Governor, not until the next election but until the successors of the appointees shall be elected and qualified in such manner as may be provided by law, (art. 5, sec. 20,) and the statute provides (chap. 46, sec. 128,) that the person appointed to fill the vacancy in any of such offices, as well as in the office of member of the State Board of Equalization, (a statutory office now abolished,) shall hold his office during the remainder of the term and until his successor is elected and qualified. Article 6 of the constitution provides that vacancies in the elective offices provided for in that article shall be filled by election but where the unexpired term does not exceed one year the vacancy shall be filled by appointment. The constitution contains no other limitations or provisions than those mentioned in regard to filling vacancies in elective offices, except the offices of Governor and Lieutenant-Governor.

The power to appoint to office is an attribute of sovereignty, which can be exercised by municipal corporations only by virtue of a grant from the sovereign power. (*Lasher* v. *People,* 183 Ill. 226.) The legislature may grant to a

municipal corporation the right to elect or appoint its own officers in such manner as the legislature sees fit, or to elect some officers and appoint others, or to determine whether certain offices shall be filled by election or appointment, and to fill them accordingly. The constitution does not require that the manner of election or appointment of officers of all municipalities, or of filling vacancies in their offices, shall be uniform. The fact that vacancies in the office of member of the board of education of a community high school district are required to be filled by the remaining members of the board for the remainder of the term while like vacancies in township high school districts must be filled by a special election does not render either method invalid. There are several statutes for the organization of high school districts and of other school districts under different conditions. The methods of procedure in the organization of some of them are similar though not identical. It was held in *People* v. *Crossley,* 261 Ill. 78, that differences of organization and procedure in several statutes upon the same subject and for the purpose of accomplishing the same general result furnished no reason why all the statutes should not be held valid. The only effect is to give citizens whose actions may be affected by such statutes the option to proceed under the particular act which seems to them to best suit their purposes. The two statutes which provide for the organization of drainage districts are referred to as illustrations of the principle. Both are intended to accomplish the same purpose, but they differ in the procedure by which the districts are organized and in their organization.

The law is in no respect a special law. Any city in the State, any territory whose inhabitants desire to do so, may organize under this act and enjoy the same privileges as any other community high school district. The legislature enacted that vacancies in the board of education should be

filled by the remaining members, and the people by organizing under the law assented to this.

The appellee was properly appointed to the office, and the judgment will be affirmed.    *Judgment affirmed.*