**The People of the State of Illinois ex rel. Otto Hiller, Appellant, v. Hugh Bevirt, Appellee.**

336

Heard in this court at the May term, 1938. Opinion filed November 7, 1938.

TURNER, HOLDER & ACKERMANN, of Belleville, for appellant.

FARMER, KLINGEL & BALTZ, of Belleville, for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Otto Hiller, in the name of the People of the State of Illinois and as relator thereto, filed a petition in the circuit court of St. Clair county in which it was alleged that the defendant had usurped the office of supervisor of Caseyville Township in that county; that the State's Attorney of the county and the Attorney General had failed or refused to file a complaint in quo warranto and prayed that he be granted leave to file and prosecute such a complaint.

Joseph Kinsella filed a like petition against the defendant and prayed for the same relief. After due and timely notice to the State's Attorney, Attorney General and the defendant, a hearing was had and the prayer of each petition denied. Each plaintiff exhibited the complaint and supporting affidavit he wished to file. Each perfected an appeal to this court but inasmuch as the parties in each case are represented by the same attorneys and the questions raised are common to both cases the two appeals have been consolidated.

The facts alleged in the petitions, complaints and affidavits will not be stated except in so far as is necessary to consider the question of plaintiffs' right to file their respective complaints.

The facts stated in the petition, which plaintiffs contend give them the right to prosecute a quo warranto proceeding in the name of the People, are that they are citizens and residents of and legal voters in Caseyville Township. In addition Hiller alleged that he is town clerk of said township while Kinsella states that he is a justice of the peace and by virtue of the office is a member of the board of town auditors of said township.

It is alleged that the defendant had not qualified as supervisor by filing an official bond as required by section 1, art. XI, ch. 139, Smith Hurd [Ill. Rev. Stat. 1937, ch. 139, § 100; Jones Ill. Stats. Ann. 133.102]; that the defendant has failed and refused to keep proper accounts of the various public funds in his hands as supervisor; that he has issued vouchers which were not properly executed, and recorded and has failed to file proper reports as required by statute and that such acts and misconduct in office did by virtue of the provisions of section 108, art. XI, ch. 139, Smith Hurd [Jones Ill. Stats. Ann. 133.111] operate as a forfeiture of title to the office.

In addition to the foregoing facts, Hiller alleges that by reason of such misconduct and misfeasance in office he, as town clerk of the township, is prevented from performing his official duties and Kinsella alleges that such acts and neglect of duty by the defendant prevents him from performing his official duties as a member of the board of town auditors. Neither of the plaintiffs claim any right to the title of the office of supervisor or the right to name a successor in the event the defendant should be ousted.

Early in the history of the State, a statute was passed to regulate proceedings upon information in the nature of quo warranto against a person or persons who had unlawfully intruded into or usurped a public office or franchise. The beginning and prosecution of the action was placed in the hands of the Attorney General or the circuit attorney. Laws of 1833, p. 506.

By subsequent legislative enactments the uses and purposes of a quo warranto proceeding were extended so that it was no longer limited to cases where there had been a usurpation of a public office or franchise but was made to also include those cases where there had been a usurpation of an office in a private corporation. By such extension it became a proceeding much used for the enforcement of private rights of individuals. But all acts passed prior to 1937 required that the proceeding had to be instituted by the Attorney General or State's Attorney. Either of said officers were authorized to act on his own accord or at the instance of an individual relator. *Porter v. People,* 182 Ill. 516; *People v. North Chicago Ry. Co.,* 88 Ill. 537; *Hesing v. Attorney General,* 104 Ill. 292.

Under the statutes as they existed prior to 1937 it was held that the Attorney General and the State's Attorney had an arbitrary discretion in regard to filing a petition in the nature of a quo warranto in a case which was in fact a prosecution by the people and which involved no personal rights of an individual

relator. It was also held that if an individual had a personal right that could only be enforced by information in nature of quo warranto and the State's Attorney refused to file a quo warranto proceeding the individual had the right upon proper showing to mandamus the State's Attorney and compel him to do that duty. *People v. Healy,* 230 Ill. 280; *People v. Fullenwider,* 329 Ill. 65. Whether the action was for the enforcement of a right in which the public alone was interested or the personal right of the individual, leave to file had to be obtained from the court.

The individual who sought to compel the State's Attorney or Attorney General to file a petition for leave to file an information in the nature of a quo warranto to oust an usurper from a public office had to have an interest in the office itself peculiar to him and one that was not common to the public. The interest that an individual had as a taxpayer was not sufficient. *People v. Fullenwider, supra.*

In 1937 the legislature changed many of the provisions in reference to quo warranto proceedings and by section 10, ch. 112, Smith Hurd [Jones Ill. Stats. Ann. 109.498(2)] provided that all proceedings should be brought in the name of the People and authorized the Attorney General or the State's Attorney of the proper county, either on their own accord or at the instance of an individual relator to bring such action. Either of said officers may file without first obtaining leave of court. The section departs from the former practice and provides that any citizen ''having an interest in the question, on his own relation'' may, if the State's Attorney or Attorney General fail or refuse to file and if the court will grant him leave to file, file a complaint in quo warranto. Section 13 [Ill. Rev. Stat. 1937, ch. 112; Jones Ill. Stats. Ann. 109.498(5)] requires him to file security for costs.

The requirement of said section 10, that the individual who seeks leave to file a complaint in quo warranto

must have an interest in the question, necessarily means that the question to which his interest must attach is the question being litigated. In the instant case, the question would be, has the defendant intruded himself into and usurped the office of supervisor of Caseyville Township?

Under the allegation of plaintiffs' petitions and complaints their interests may be grouped in two classifications. First, as citizens and residents of the township they have an interest in having the office of supervisor filled by one who has been duly elected and has qualified by filing the bond required by statute. If the misfeasance and misconduct alleged in the petitions, complaints and affidavits amount to a forfeiture of the rights to hold the office, upon which we express no opinion, the plaintiffs are interested as citizens and residents of the township in having the office filled by one who will properly perform his official duties. The interests which plaintiffs have as citizens and residents of the township is not peculiar to them but is common to every citizen and resident of the township. If such interest was sufficient to entitle the plaintiffs to be granted leave to file a complaint in quo warranto then it would follow that every citizen and resident of the township would have an equal right to the use of the writ. In view of the restrictions that were placed upon the right of the individual, both at common law and by previous legislative enactments, we do not believe it was the intent of the legislature in the enactment of section 10 to lay in the hand of every citizen and resident the right to file and prosecute a quo warranto proceeding against a public official. The interest that a citizen and resident must have before he be granted such leave must be an interest personal to him and it must be peculiar to him and not one that is possessed by the public. This construction is supported by the reasoning of the Supreme Court in *People v. Fullen-*

*wider, supra* and by cases in other jurisdictions. *New-man v. United States,* 238 U. S. 537; *State v. Matthews,* 44 W. Va. 372; *Commonweatlh v. McCarter,* 98 Pa. 607; *Mills v. State,* 2 Wash. 566, 27 Pac. 560.

The other classification of plaintiffs' interest would be that interest they have as public officials of the township in having one hold the office of supervisor that will perform his duties that they may properly perform theirs. It is apparent that such interest attaches only to the performance of the duties of the office. If the defendant has failed to perform the duties of the office and such failure amounts to statutory grounds for forfeiture and he was ousted by reason of such failure then plaintiffs' interest as township officials terminates when he is ousted. Under this classification of interest the office of supervisor might be occupied by an usurper yet if he performed the duties of the office in such a way that plaintiffs could perform their official duties then plaintiffs would have no interest. The interest must be in the office itself and not merely in the performance of the duties of the office. If plaintiffs' theory, that their interest as public officials is sufficient to entitle them to file a complaint in quo warranto, was adopted it would make it possible for one public official to test the efficiency of another official by a quo warranto proceeding. Such a construction would open the way to innumerable actions by one public official against another and would be extending the use of the quo warranto proceeding beyond the scope intended by the legislature.

The trial court's order in denying plaintiffs' leave to file their complaints in quo warranto was correct and is affirmed.

*Judgment affirmed.*