The People of the State of Illinois ex rel. Buffalo Utility Company, an Illinois Corporation, Plaintiff-Appellant, v. Village of Buffalo Grove, a Municipal Corporation, Defendant-Appellee.

Gen. No. 51,984.

First District, Fourth Division.

July 20, 1967.

Arvey, Hodes & Mantynband of Chicago (Louis M. Mantynband and Richard J. Troy, of counsel), for appellant.

Richard G. Raysa and Isham, Lincoln & Beale, of Chicago (Arthur C. Gehr, Robert E. Cronin and C. Richard Johnson, of counsel), for appellee.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Relator sought to bring a quo warranto proceeding, and appeals from the dismissal of its amended complaint for failure to show a sufficient interest to maintain the action.[1]

In 1957, relator was certified by the Illinois Commerce Commission to construct, operate and maintain public sewerage and waterworks in the Village of Buffalo Grove. In 1964, the village annexed certain property contiguous to its boundary (referred to as Glen Grove) which approximately doubled its area. Subsequent to the annexation of Glen Grove, the village passed an ordinance authorizing the acquisition and construction of a municipally owned combined waterworks and sewerage system for the Glen Grove area and authorizing the issuance and sale of waterworks and sewerage revenue bonds to pay for construction of the system. As housing projects began to be developed in Glen Grove, the village sold some of the bonds and began construction.

---

[1] The authority to institute a quo warranto action is set forth in Ill Rev Stats, 1965, c 112, § 10:

The proceedings shall be brought in the name of the People of the State of Illinois by . . . ; or by any citizen having an interest in the question on his own relation, . . . and when . . . leave has been granted by any court of competent jurisdiction, or any judge thereof.

Relator then requested the Illinois Attorney General and the State's Attorneys of Cook and Lake Counties to institute a quo warranto proceeding challenging the authority of the village to construct the system and to issue the bonds. The requests were refused and plaintiff thereafter was granted leave of court to file its own complaint (subsequently amended) in which it alleged that the village ordinance was void.[2] Relator had been providing water and sewer services only in that part of the village which lies outside of the new Glen Grove area, but in its complaint it alleged that this gave it a sufficient interest to bring the action because (1) it had installed oversized pipes in anticipation of serving any territory which might be annexed to the village, and the action of the defendant would render valueless such oversized facilities; and (2) there is a possibility that the proposed system will interfere with plaintiff's water and sewer system. Defendant moved to dismiss on the ground of the insufficiency of relator's interest. The motion was allowed, and this appeal followed, presenting that sole and narrow issue.

■ ■ The general principle applicable to the interpretation of the right to bring an action under the quo warranto statute is set forth in People ex rel. Monument Co. v. Rosehill Co., 3 Ill2d 592, 595, 122 NE2d 283, where the court stated:

We have had numerous occasions to construe the Quo Warranto Act of 1937 with respect to the right

---

[2] Both the village and relator agreed that in the light of the rapid pace of the housing development and the necessity for water and sewer services in the Glen Grove area, the case required prompt disposition. Therefore, to simplify and to expedite the proceedings in the trial court, the parties agreed that relator would formally be granted leave to file a complaint in quo warranto, but that the village would retain all defenses to the filing of the complaint, including the defense of lack of necessary interest on the part of relator.

of private citizens to maintain actions thereunder. Our holdings have consistently been that the interest of an individual must be one that is personal to him and not common to the public. It must be of such a nature that the usurpation of a public grant, franchise or office has trespassed upon or injured his private . . . rights as differentiated from the injury to the general public. (Citing cases.)

Further, the particular interest alleged must be specifically pleaded. People ex rel. Koontz v. Emmerson, 313 Ill 209, 214, 145 NE 106.

In support of its position, relator relies upon the Rosehill case, just cited, and upon People ex rel. Blake v. Oak Woods Cemetery Ass'n, 17 Ill2d 64, 160 NE2d 759. In each of those cases, the defendant cemetery associations sold grave markers in direct competition with the respective relators, who were located across the street from the cemeteries. The Supreme Court held in each case that the relator had an interest by which it could contest the association's authority to compete in the monument business. However, the court emphasized that the defendants' activities had produced a currently recognizable effect upon the relators' present business. By their competition they had, in each case, made substantial inroads into the relators' already existing market. Those cases are, therefore, distinguishable from the instant case. In the case at bar, there is no claim that the defendant's action can ever affect the relator's market within its existing certificated area.

■■■■■ We recognize that if a public utility seeking to supply a new area not then being serviced, were to apply for a certificate from the Illinois Commerce Commission, an already certified public utility serving an adjacent area would be given the first chance to show its ability and willingness to provide service for the new area. Citizens Valley View Co. v. Illinois Commerce

Commission, 28 Ill2d 294, 301, 192 NE2d 392. However, municipal utility systems are specifically excepted from the provisions of the Public Utilities Act. Ill Rev Stats, 1965, c 111⅔, § 10.3. Furthermore, that act declares that a certificate issued by the Commission "shall not be construed as granting a monopoly or an exclusive privilege." Ill Rev Stats, 1965, c 111⅔, § 56. As a result, relator is not protected from the acts of defendant as the operator of its own utility in the way it would be from the acts of another utility company in its own status. Springfield Gas & Electric Co. v. Springfield, 292 Ill 236, 126 NE 739, affirmed 257 US 66. And there is nothing to prevent a municipally owned utility from competing directly in the same area of operation with a privately owned utility. Central Illinois Public Service Co. v. City of Bushnell, Ill., 109 F2d 26, 28 (7th Cir 1940).

Against this background, relator is in no position to assert any present, private right to service the new area. Nor does its alleged investment in oversized facilities to accommodate anticipated future demands in other areas, clothe it with the required interest to bring a quo warranto proceeding.

■ As to the alleged damage to existing facilities, it is not stated affirmatively that they will be damaged or destroyed, but only that such a result is possible. This falls woefully short of showing the interest necessary for quo warranto. At best, it would only seek to challenge the manner in which the village was about to exercise its authority, rather than the authority itself which is the only proper scope of a quo warranto proceeding. People ex rel. Chillicothe Tp. v. Board of Review of Peoria County, 19 Ill2d 424, 427, 167 NE2d 553.

■ We therefore conclude that relator has no private interest in the village's development of its own water and sewer system which would enable it to bring a

quo warranto proceeding in its own right. The order of the Circuit Court dismissing the amended complaint is affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.