THE PEOPLE *ex rel.* BEVERLY GORDON *et al.*, Plaintiffs-Appellants, *v.* THE CITY OF NAPERVILLE, Defendant-Appellee.

(No. 74-15;

Second District (1st Division)—July 10, 1975.

*Rehearing denied August 8, 1975.*

Adam D. Bourgeois, of Chicago, for appellants.

Ancel, Glink, Diamond & Murphy, of Chicago, for appellee.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The relators appeal from an order denying them leave to file a complaint in quo warranto which sought to challenge the authority of the City of Naperville to annex territory under an annexation agreement. The Attorney General and the State's Attorney on request had refused to act and the relators proceeded in their own right.

The relators contend that the complaint alleged sufficient grounds for quo warranto relief based upon their allegations that the provisions of a city ordinance purporting to require a developer to dedicate land for

park, recreation or school use as a condition to the approval of a subdivision is invalid. They argue that the invalidity of the ordinance also renders invalid the annexation and the agreement in which the developers consented to the land donations. They claim as an additional basis for quo warranto relief that the annexation agreement was unlawfully entered into by the city with the trustee, Chicago Title & Trust Company, for the reason that there was no disclosure of the names of the beneficiaries of the trust as required by statute (Ill. Rev. Stat. 1973, ch. 102, par. 3.1).

The city responds that the application for the extraordinary writ of quo warranto was properly denied within the trial court's sound discretion because the relators did not have sufficient private interest to bring the action in their own right and because the complaint sought to test the manner in which annexation was effectuated rather than the city's authority to annex.

We first consider whether relators possess the necessary interest or standing to proceed in quo warranto. The petitioners allege that they are "citizens of the State of Illinois and the owners and taxpayers of real estate located in both the City of Naperville and in the County of DuPage * * *." They further allege:

"16. The Trustee in the instant annexation is being required to make an illegal contribution which is recoverable by it to the detriment and expense of the Petitioners and all the other taxpayers of the City of Naperville, the Naperville Park District, and Community Unit School District Number 203, in spite of its promises and agreements disclaiming any such future intentions. Such an agreement places the Petitioners and all the other taxpayers of the City of Naperville, the Naperville Park District, and the Community Unit School District Number 203 in jeopardy for additional taxation because, whether or not the Trustee ever attempts to secure a return of his donations made under the Annexation Agreement, the liability on the part of the City of Naperville, The Naperville Park District, and the Community Unit School District Number 203 to return said monies is established as a matter of law.

17. By virtue of the fact that the Petitioners and all other taxpayers of the City of Naperville, the Park District of Naperville, and Community Unit School District Number 203 are, have been, and will be subjected to an increased tax burden, obligation and liability, the Annexation Agreement and the Ordinance authorizing the Annexation are and should be declared by this Court to be null and void."

It is clear that quo warranto is the only proper remedy to attack proceedings by which territory has been annexed to a municipality. (*People ex rel. McCarthy v. Firek* (1955), 5 Ill.2d 317, 324; *Edgewood Park # 2 Homeowners Association v. Countryside Sanitary District* (1969), 42 Ill.2d 241, 245.) Section 2 of the Quo Warranto Act provides, as material here, that the proceedings may be brought "by any citizen having an interest in the question on his own relation * * *" (Ill. Rev. Stat. 1971, ch. 112, par. 10). The fact that a relator's interest is that of a taxpayer does not necessarily exclude a finding that he has a sufficient interest to proceed in quo warranto if he can allege facts from which it may be concluded that the challenged action has a direct, substantial and adverse tax affect upon him. (*People ex rel. McCarthy v. Firek* (1955), 5 Ill.2d 317, 324-25; *People ex rel. Vanderhyden v. Village of Elwood* (1972), 5 Ill.App.3d 590, 593; *People ex rel. Henderson v. City of Bloomington* (1962), 38 Ill.App.2d 9, 11.) The taxpayer may have a sufficient interest to sustain quo warranto if he shows a high probability or certainty that the challenged action will result in an increase in his taxes. *People ex rel. Hamer v. Board of Education* (1971), 132 Ill.App.2d 46, 49.

The relators argue that they have a sufficient interest on the basis of their allegations that the trustee in the annexation here is being required to make an illegal contribution which the trustee can recover, creating a high probability or certainty that the petitioners' taxes will be increased in the future because of the obligation to pay for the land, valued at $344,950. The City argues, however, that the mere allegation that certain situations might at some future date increase the tax burden imposed upon the relators does not establish a "personal and substantial interest" in the contested annexation. It claims that the relators' argument is speculative and based on the unwarranted assumptions that the City, as a bona fide home-rule unit under the 1970 Constitution, has no authority to enter into the agreement, and also upon the assumption that the owner will not honor the agreement when it is to his own advantage to do so in developing the site, and on the further assumption that the City, if faced with the problem of paying for the donated land or returning it, will opt to levy taxes to pay for the land, rather than return it to the donor.

Categorizing "public" and "private" rights which are often not mutually exclusive is difficult, but essential, in reviewing quo warranto proceedings. (See *People ex rel. McCarthy v. Firek* (1955), 5 Ill.2d 317, 323.) In *Firek*, allegations by the relators, who were voters, taxpayers and owners of real estate within a sanitary district, that the district, which had been dissolved, had continued to levy taxes and to carry on

its affairs in the same manner as before the dissolution proceedings were held to demonstrate the required interest. In *People ex rel. Buffalo Utility Co. v. Village of Buffalo Grove* (1967), 85 Ill.App.2d 382, the relator was the private utility company operating public sewerage and water works in the Village of Buffalo Grove and sought to challenge by quo warranto the municipality's creation and financing by revenue bonds of a public water works and sewerage system to service property annexed to the Village. Allegations that the relator had installed oversized pipes in the anticipation of serving any territory to be annexed to the Village which would become valueless and that there was a possibility that the whole system would interfere with the relator's water and sewer system were held insufficient to state a private interest.[1]

In *People ex rel. Henderson v. City of Bloomington* (1962), 38 Ill. App.2d 9, private relators alleged that they were residents, taxpayers and owners of real estate in a school district which was annexed to the defendant city and it appeared that the annexation would impose a 3.69 per cent increase on taxpayers in the district. The allegations were found to have stated a sufficient interest to maintain quo warranto to dispute the annexation.

Finally, in *People ex rel. Hamer v. Board of Education* (1971), 132 Ill.App.2d 46, we found that a taxpayer who alleged that the school district's practice of issuing tax anticipation warrants when there were available funds resulted in additional tax liability had stated the necessary interest to apply for quo warranto.

■■ Here, the relators do not allege that they are owners of or residents of the property included in the annexed territory. (See *People ex rel. Vanderhyden v. Village of Elwood* (1972), 5 Ill.App.3d 590, 592.) They do not allege that annexation will definitely result in an increase in the taxes that they will pay. (*People ex rel. McCarthy v. Firek* (1955), 5 Ill.2d 317; *People ex rel. v. Hamer v. Board of Education* (1971), 132 Ill.App.2d 46; *cf. Bowes v. City of Chicago* (1954), 3 Ill.2d 175. Nor do they allege that the public officials had either threatened or become ob-

---

[1] *Cf. Price v. City of Mattoon* (1936), 364 Ill. 512, holding that a taxpayer had no standing to enjoin the carrying out of an ordinance that the purchase of a water supply system and filtration plant to be financed solely out of revenues of the utility system and not out of tax levies, even though it was alleged that in some future contingency the city might be required to make up a deficit in public funds even though it was not so indebted. Compare the case at bar with *Bowes v. City of Chicago* (1954), 3 Ill.2d 175, holding that when public officials threaten to pay out public funds for the alleged unlawful purpose of a proposed filtration plant taxpayers do have a right to seek to enjoin action which would result in immediate liability and use of taxpayers' funds.

ligated to pay out public funds for an unlawful purpose. (*Cf. Bowes v. City of Chicago* (1954), 3 Ill.2d 175.) They merely speculate that in the future the donation by the subdivider will be declared illegal and withdrawn and that then the City may decide to buy the donated property and pay for it out of public funds. They do not allege that the City is threatening to incur liabilities or is becoming liable for the expenditure of any public funds which could result in an increase in taxes. The petition for leave to file quo warranto is not a "full, positive and convincing" demonstration of the interest of the relator (*People ex rel. Vanderhyden v. Village of Elwood* (1972), 5 Ill.App.3d 590), nor does it show that there is a high probability or certainty that the challenged action will result in an increase in relator's taxes. *People ex rel. Hamer v. Board of Education* (1971), 132 Ill.App.2d 46, 49.

We therefore conclude that the relators have not shown a sufficient interest to maintain the quo warranto and that for this reason alone the dismissal of their application by the trial court was proper.

We therefore will not discuss the denial of the application on its merits. The judgment of the trial court denying relators leave to file a complaint in quo warranto is affirmed.

Affirmed.

GUILD and HALLETT, JJ., concur.