(No. 48194.—
(No. 48232.—

THE PEOPLE *ex rel.* MARTIN RUDMAN, State's Attorney, Appellee, v. DOMINIC RINI *et al.,* Appellants.—
THE PEOPLE *ex rel.* DOROTHY J. CRAIG, Appellee,
v. WESLEY T. HARDIN, Appellant.

*Opinion filed October 1, 1976.*

Cirricione, Block & Krockey, of Joliet (Joseph M. Cernugel, of counsel), for appellant Dominic Rini.

George S. Bellas, Special State's Attorney, and Thomas R. Wilson, Assistant Special State's Attorney, both of Joliet, for appellants the Will County Board and individual members thereof.

Martin Rudman, State's Attorney, of Joliet (Nicholas E. Sakellariou, Assistant State's Attorney, of counsel), *pro se.* People *ex rel.* Martin Rudman.

Winstein, Kavensky, Wallace & Doughty, of Rock Island (Stewart R. Winstein and Franklin S. Wallace, of counsel), for appellant.

Katz, McAndrews, Durkee & Telleen, of Rock Island (Stuart R. Lefstein, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Public Act 79—118 (Laws of 1975, at 366) became effective July 8, 1975. It amended, *inter alia,* section 25—11 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 25—11), which provided for the selection of county officers in counties of less than 500,000 population whenever a vacancy occurred between elections, and section 9 of "An Act relating to composition and election of county boards in certain counties" (Ill. Rev. Stat. 1973, ch. 34, par. 839; Laws of 1974, at 789-90 and 1495-96), which provided a method of appointing county board members to fill vacancies that occurred between elections. These sections, prior to their amendment, authorized the county board to appoint an individual to any vacancy that occurred in county offices when the filling of that vacancy

was not otherwise provided for by law. If a county board vacancy occurred, the county board president would, with the consent of the county board, appoint a qualified individual for the remainder of the term or until the next election. Sections 1 and 2 of the new act apply to county board members of counties of less than 3 million population and to county officers of non-home-rule counties. These sections basically purport to transfer that appointment power to the respective county central committees of the political party of which the incumbent was a candidate at the time of his election. The only restrictions on the appointment are that the appointee be a member of the same political party as was the incumbent and that he meet the qualifications required for the particular office. If the incumbent was an independent then the county board president would appoint a qualified individual subject to the advice and consent of the county board.

In cause No. 48194, People *ex rel.* Rudman v. Rini, the undisputed facts were as follows: On June 14, 1975, a vacancy on the Will County Board was created by the death of one of its members. The deceased was a Republican, and the Republican County Board District Committee for District No. 2 appointed William Loucks to fill the vacancy on July 15. On the following day, the Will County Board appointed Dominic Rini to fill the same vacancy. Rini took the oath of office, held the contested seat, and served on several committees. The State's Attorney of Will County notified the board that failure to seat Loucks as a board member was contrary to law. The board refused to comply, and the State's Attorney filed suit in the circuit court of Will County, naming Rini, the Will County Board and Loucks as defendants. The State's three-count complaint sought: (1) ouster of Rini by *quo warranto*; (2) a declaratory judgment as to the rights of all the parties involved; and (3) a mandate commanding the Will County Board to seat Loucks. Rini and the Will County Board moved to dismiss, contending that Public

Act 79—118 did not apply to vacancies occurring prior to July 8, 1975 (the effective date of the Act), and that the Act was unconstitutional. The motion was denied. The trial court granted the plaintiff's motion for judgment on the pleadings, and a judgment order was entered. The court found that the Act was constitutional and applied to vacancies which occurred prior to July 8, 1975, if such vacancies still existed after the Act became effective. The order ousted Rini, declared his appointment invalid, and commanded the Will County Board to seat Loucks as a board member. The trial court stayed the judgment order pending final disposition on appeal.

In cause No. 48232, People *ex rel.* Craig v. Hardin, plaintiff, Dorothy Craig, was appointed recorder of deeds by the Rock Island County Board of Supervisors on July 15, 1975, to fill the vacancy created by the death of the incumbent, a Democrat, who had died June 16. The Rock Island County Democratic Central Committee appointed defendant, Wesley T. Hardin, to fill the vacancy on August 7. Hardin took office and performed the duties. Plaintiff filed a complaint in the circuit court of Rock Island County, and defendant counterclaimed, each claiming to be the duly appointed recorder of deeds. The trial court granted plaintiff's request to oust defendant from the recorder's office and held that plaintiff's appointment was made pursuant to section 25—11 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 25—11) without application of section 1 of Public Act 79—118, since the vacancy occurred before the Act came into effect (June 16, 1975). The court did not pass on plaintiff's alternative claim that the new act was unconstitutional. Both causes come before this court on direct appeal pursuant to Supreme Court Rule 302(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 302(b)), and because of the similarity of the contested issues of law, are consolidated for opinion.

These causes present two issues for this court's consideration: (1) whether Public Act 79—118, as it

amends section 25—11 of the Election Code (Ill. Rev. Stat. 1973, ch. 46, par. 25—11) and section 9 of "An Act relating to the composition and election of county boards in certain counties" (Ill. Rev. Stat. 1973, ch. 34, par. 839), applies to these causes, and (2) assuming Public Act 79—118 applies, whether it is constitutional.

The vacancies in the present appeals occurred during the existence of the old law, while the appointments filling the vacancies were made after the effective date of the amendment. The issue raised was which law applied, and therefore the question of the applicability of the amendment is before us. In *Board of Education v. Nickell*, 410 Ill. 98, 103, this court, in applying the principle established under section 4 of "An Act to revise the law in relation to the construction of the statutes" (Ill. Rev. Stat. 1975, ch. 131, par. 4), determined that the enactment of an amendment which repealed a remedial statute without a saving clause made that amendment applicable to that case if final relief had not been granted before the repeal went into effect. We find that the holding in *Nickell* pertains to the present causes and that the amendment applies. See *Lincoln Community High School District No. 404 v. Elkhart Community High School District No. 406*, 414 Ill. 466; *Dolan v. Whitney*, 413 Ill. 274; see also *Ogdon v. Gianakos*, 415 Ill. 591.

In testing the validity of Public Act 79—118, we need to determine whether the appointment power granted in the Act is a proper delegation. The power to appoint public officers is the sovereign power of the State. (*People v. Pollock*, 306 Ill. 358, 363; *Lasher v. People*, 183 Ill. 226, 233; *State Board of Agriculture v. Brady*, 266 Ill. 592, 597.) The sovereign power of the State cannot be conferred upon a private person or group but must be delegated, if at all, to some public agency such as a municipal corporation, commission, local board or public officer. (See *Carter v. Carter Coal Co.*, 298 U.S. 238, 80 L. Ed. 1160, 56 S. Ct. 855; *People ex rel. Chicago Dryer Co.*

*v. City of Chicago,* 413 Ill. 315, 323; *Rouse v. Thompson,* 228 Ill. 522.) The claim that the political party committees for the counties are now on a par with public officers and can be delegated sovereign authority by the General Assembly since they are controlled by statute is incorrect. Sections 7—7 and 7—8 of the Election Code (Ill. Rev. Stat. 1975, ch. 46, pars. 7—7, 7—8), which provide minimal control over these party committees, neither pertain to nor affect the authority granted to the respective committees in section 1 of Public Act 79—118. Focusing on this particular act, we find that the appointing committees are indistinguishable from private individuals. The committees do not carry the badge of public office. They are not accountable to the public, they give neither oath nor bond, and they do not separately substantially represent the populace of the area affected by the appointment. (See *People ex rel. Kell v. Kramer,* 328 Ill. 512, 519; *Telcser v. Holzman,* 31 Ill. 2d 332, 336.) It is not the political party but the people that have the real interest in the vacant office, and the method of selection should reflect their choice as well as possible. This interest is neither abrogated upon the death or incapacitation of the officeholder nor upon the untimely vacating of that office. Although the Illinois Constitution confers the authority to provide a method for appointing and electing county officers upon the General Assembly in article VII, the basic intent of section 4(c) of this article, which is to have the several counties choose their own officials, is apparent and cannot be overlooked. The mode of appointment should be fashioned as closely as possible after that purpose. "The legislature cannot abdicate its functions or subject citizens and their interests to any but lawful public agencies, and a delegation of any sovereign power of government to private citizens cannot be sustained nor their assumption of it justified." *People ex rel. Chicago Dryer Co. v. City of Chicago,* 413 Ill. 315, 323.

*Rouse v. Thompson,* 228 Ill. 522, 540, states: "It is

undoubtedly true that party committees may be authorized to fill vacancies occurring by reason of the death of candidates or their withdrawal, or other contingencies making such action upon behalf of such committees necessary by reason of the fact that it would be impracticable, for want of time, to nominate by the convention method." Appellant in cause No. 48232 attempts to analogize this statement to the present case. However, the vacancy of the public office and not the vacancy for the party candidate for public office is what is in issue.

The appellee in cause No. 48194 points out that under section 1 of Public Act 79—118 the political committees only appoint individuals to fill offices that have been vacant between elections and that the appointee is only temporarily seated. We agree that there is a discernible difference between the temporary appointment powers given the political party by Public Act 79—118 and an all-encompassing power to appoint all officeholders which would virtually abolish elections. However, it does not mitigate the apparent disregard of constitutional principles that appears in section 1 of Public Act 79—118. Even a temporary loss of a constitutional right of a small segment of society is cause to void such an act. "This is legislative delegation in its most obnoxious form, for it is not even a delegation to an official or official body, presumptively disinterested, but to private persons whose interests may be, and often are, adverse to the interest of others similarly situated or directly affected by the exercise of the power delegated." (*People ex rel. Chicago Dryer Co.v. City of Chicago*, 413 Ill. 315, 323; see also *Carter v. Carter Coal Co.*, 298 U.S. 238, 311, 80 L. Ed. 1160, 1189, 56 S. Ct. 855.) Therefore, we hold that section 1 of Public Act 79—118 is an illegal delegation of authority, and is unconstitutional on its face.

Having held invalid section 1 of Public Act 79—118, we must determine whether that section is severable from

the remainder of the Act, leaving the remaining sections valid. In *People ex rel. Peoria Civic Center Authority v. Vonachen,* 62 Ill. 2d 179, 183, we quoted from *Fiorito v. Jones,* 39 Ill. 2d 531, 540, as follows:

" 'The settled and governing test of severability is whether the valid and invalid provisions of the Act are "so mutually 'connected with and dependent on each other, as conditions, considerations or compensations for each other, as to warrant the belief that the legislature intended them as a whole, and if all could not be carried into effect the legislature would not pass the residue independently \*\*\*'." (*Winter v. Barrett,* 352 Ill. 441 at page 475.) The provisions are not severable if "they are essentially and inseparably connected in substance." *People ex rel. Dougherty v. City of Rock Island,* 271 Ill. 412 at page 422; see also, *Ohio Oil Co. v. Wright,* 386 Ill. 206; *Springfield Gas and Electric Co. v. City of Springfield,* 292 Ill. 236.' "

We have considered the whole act here involved and are satisfied that the General Assembly intended all of the provisions of the Act as a whole piece of legislation and would not have enacted the Act with the invalid portion eliminated. Consequently, the entire act must fall. The effect of enacting an invalid amendment to a statute is to leave the law in force as it was prior to the adoption of the amendment. See *Fiorito v. Jones,* 39 Ill.2d 531, 541.

Having held Public Act 79—118 unconstitutional and the statutes prior thereto controlling, we find the appointment of Rini to the Will County Board proper. Therefore, we reverse the judgment of the circuit court of Will County in cause No. 48194 and remand that cause with directions to enter an order in accordance with the views expressed herein.

For the above stated reasons, the judgment of the

330

circuit court of Rock Island County in cause No. 48232, upholding the appointment of Craig as recorder of deeds of Rock Island County, is affirmed.

48194 — *Reversed and remanded, with directions.*
48232 — *Judgment affirmed.*