THE PEOPLE *ex rel.* MAYNARD DURST *et al.,* Petitioners-Appellants, *v.* THE VILLAGE OF GERMANTOWN HILLS, Respondent-Appellee.

Fourth District   No. 14086

Opinion filed August 29, 1977.

Emmett W. Lally, of Peoria, for appellants.

J. Martin Lawless and Greg N. Grimsley, both of Vonachen, Cation, Lawless, Trager & Slevin, of Peoria, for appellee.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

Plaintiffs Maynard Durst and Worth Township initiated this lawsuit by filing an application for leave to file a complaint in quo warranto. On defendant's motion, leave to file was denied by the trial court and both named plaintiffs have appealed.

■■ It appears from the pleadings that the Village of Germantown Hills annexed a subdivision lying to the east of its border, and that, while there are as yet no residents of the subdivision, the owners of the land therein consented to the annexation. The annexed territory lies wholly within Worth Township. Maynard Durst owns a 160-acre farm which is situated at some point between the village's eastern boundary and the newly annexed property. Further, the Durst farm fronts on State Route 116, the road connecting the subdivision to the village. Durst and the township sought to challenge the annexation by quo warranto on the basis that the village's action constituted strip annexation. (See *People ex rel. Adamowski v. Village of Streamwood* (1959), 15 Ill. 2d 595, 155 N.E.2d 635.) There is no question that the only proper method by which a nonresident may challenge an annexation is quo warranto. *People ex rel. Gordon v. City of Naperville* (1975), 30 Ill. App. 3d 521, 332 N.E.2d 204.

Under the provisions of section 2 of "An Act in relation to practice and procedure in cases of quo warranto" (Ill. Rev. Stat. 1975, ch. 112, par. 10), an individual may sue in quo warranto only if he first has sought action by the Attorney General and the State's Attorney and they have refused to act, and, secondly, he petitions the court for, and is granted, leave to bring the action. This petition must allege that the individual seeking relief has a private interest in the matter and that the action sought to be challenged by quo warranto has harmed that interest. Both the Attorney General and the Woodford County State's Attorney have refused to bring the instant suit, according to the allegation of plaintiffs' complaint. The issue here as to both plaintiffs is whether their interests are sufficient to establish standing to bring a quo warranto action.

Plaintiff Durst alleges in support of his standing to sue that the annexation at issue here has affected his interests as follows: (1) His property would be subject to involuntary annexation by the village because it is now contiguous to the village; (2) his property has become more susceptible to condemnation because of the annexation; and (3) after the annexation his property is surrounded on three sides by the village which could subject that property to rezoning which would, in turn, affect the value of his property and the accompanying tax rate. Durst also alleged that the encroachment of the village would subject him to increased population, traffic, and pollution.

■■ While the private interests of one citizen may be an interest shared

by other members of the community for the purposes of establishing quo warranto standing (*People ex rel. McCarthy v. Firek* (1955), 5 Ill. 2d 317, 125 N.E.2d 637), the personal interest must still be pleaded (*People ex rel. Buffalo Utility Co. v. Village of Buffalo Grove* (1967), 85 Ill. App. 2d 382, 229 N.E.2d 401) and proved. (*People ex rel. Miller v. Fullenwider* (1928), 329 Ill. 65, 160 N.E. 175.) The private interest alleged must be directly, substantially, and adversely affected by the action sought to be challenged in the quo warranto proceeding. (See *People ex rel. Vanderhyden v. Village of Elwood* (1972), 5 Ill. App. 3d 590, 285 N.E.2d 668.) The damage to that private interest must be then occurring or certain to occur; the petitioner cannot rely on an expected damage to his private interests. *Vanderhyden; Gordon.*

■■ An examination of plaintiff Durst's allegations regarding the damage to his private interests caused by the annexation shows nothing more than conclusionary statements. First, by his own admission, Durst owns a 160-acre farm which is now contiguous to the village. A municipality may involuntarily annex contiguous land only in parcels of 60 acres or less. (Ill. Rev. Stat. 1975, ch. 24, par. 7—1—13.) The village therefore cannot annex the plaintiff's farmland without his consent. The further allegations that the annexation results in contiguity with the village is irrelevant because the Durst farm was already contiguous with the former eastern boundary of the village. Durst's land is no more susceptible to condemnation after the annexation. (See Ill. Rev. Stat. 1975, ch. 24, par. 11—61—1.) Neither does plaintiff explain how a rezoning of his property is more likely to occur following the annexation. A municipality may zone outside its corporate limits. (Ill. Rev. Stat. 1975, ch. 24, par. 11—13—1.) In addition, a plat of subdivision had been filed before the annexation so that all the "evils" contemplated by the plaintiff were to occur whether or not the subdivision was annexed to the village.

■■ Plaintiff Worth Township alleged that it had a private interest in the annexation which would be damaged because: (1) It would lose motor fuel tax revenue because the formula for distribution of those funds is based on the total number of miles under the jurisdiction of the recipient and the annexation has taken roads from under the jurisdiction of the township; and (2) it would lose Federal revenue sharing funds which are distributed on the basis of population. The township thus alleges damage to their interests which are in theory direct and present results of the annexation. However, neither may actually result in a net financial loss to the township.

If the township will lose jurisdiction over roads by the annexation, it will also lose the responsibility for maintaining those roads. As to revenue sharing, it would appear that since the amount of funds received is

determined by the population of each unit of government and not the population under the exclusive jurisdiction of each unit, no moneys will be lost. (See 31 U.S.C. 1227 (1970).) In effect, the township tax structure has not changed at all. It is further noted that no persons presently reside in the annexed territory.

Granting leave to file a complaint in quo warranto is a matter within the sound discretion of the trial court. (*People ex rel. City of Burbank v. City of Chicago* (1973), 16 Ill. App. 3d 184, 305 N.E.2d 656 (abstract).) We find no abuse of that discretion by the trial court in this case. Neither plaintiff Maynard Durst nor plaintiff Worth Township have a present personal interest which has been damaged by the annexation here. The judgment of the trial court dismissing the plaintiffs' application for leave to file a complaint in quo warranto is therefore affirmed.

Affirmed.

REARDON and MILLS, JJ., concur.