THE PEOPLE *ex rel.* WAYNE ANDY TURNER, Plaintiff-Appellant, *v.* DAVID W. LEWIS, Defendant-Appellee.

Fourth District    No. 482-0039

Opinion filed March 3, 1982.

Joseph R. Schroeder, of Bennett & Schroeder, of Marshall, for appellant.

Craig DeArmond, of Harlan Heller, Ltd., of Danville, for appellee.

JUSTICE TRAPP delivered the opinion of the court:

This case involves a question of standing under section 2 of "An Act in relation to practice and procedure in cases of quo warranto" (Ill. Rev. Stat. 1979, ch. 112, par. 10). Plaintiff made a demand upon the Attorney General to file a complaint in *quo warranto* against defendant, the appointed State's Attorney of Clark County. Plaintiff alleged that defendant is not legally entitled to hold the office of State's Attorney for Clark County because his appointment was in violation of section 25—11 of the Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 25—11). The Code provides that when a vacancy occurs in a non-home-rule county it shall be filled by the chairman of the county board with the advice and consent of the county board, and the appointee shall be a member of the same political party as the person he succeeds. Plaintiff alleges that defendant is a republican whereas his predecessor, the elected State's Attorney who resigned during his incumbency, was a democrat.

The Attorney General declined to act. A similar demand was made upon defendant to file a suit in *quo warranto* against himself, which defendant declined to do. Plaintiff thereafter petitioned the trial court for leave to file the action in *quo warranto* on his own behalf based on his standing as a Clark County resident, taxpayer, registered voter, and democratic committeemen and chairman of the Clark County democratic central committee.

Defendant filed a motion to dismiss and, after a hearing, the court dismissed plaintiff's amended pétition upon a finding that plaintiff did not have a sufficient and peculiar interest in the question to permit him to contest the validity of defendant's right to hold the office of Clark County State's Attorney.

The sole issue before this court is whether plaintiff has standing to challenge defendant's title to the office of State's Attorney. Section 2 of "An Act in relation to practice and procedure in cases of quo warranto" (Ill. Rev. Stat. 1979, ch. 112, par. 10) states:

> "The proceeding shall be brought in the name of the People of the State of Illinois by the Attorney General or State's Attorney of the proper county, either of his own accord or at the instance of any individual relator; or by any citizen having an interest in the question on his own relation, when he has requested the Attorney General and State's Attorney to bring the same, and the Attorney General and State's Attorney have refused or failed so to do, and when, after notice to the Attorney General and State's Attorney,

and to the adverse party, of the intended application, leave has been granted by the circuit court, or any judge thereof."

Prior to 1937 the *quo warranto* statute provided that only the Attorney General or the State's Attorney could institute a suit in *quo warranto* after securing leave of the court to do so. They could commence the action upon their own or upon the relation of a private individual. A private individual who desired that such an action be brought was required to apply to the Attorney General or State's Attorney. These officers did not have unlimited discretion to refuse these applications, however, and under certain circumstances they could be compelled by *mandamus* to bring the action. (*People ex rel. McCarthy v. Firek* (1955), 5 Ill. 2d 317, 125 N.E.2d 637.) The present *quo warranto* statute (Ill. Rev. Stat. 1979, ch. 112, par. 10), originally enacted in 1937, eliminated the cumbersome action of filing *mandamus* actions to compel public officers to institute these proceedings upon the relation of private individuals. Under the present statutory scheme, a private citizen is required to request that these public officers institute the action but upon their refusal to do so, the individual citizen may apply directly to the court for leave to file the action on his own relation.

■■ Aside from demonstrating that the Attorney General and State's Attorney have been asked to proceed and have refused, an individual must demonstrate that he has standing to pursue the remedy in his own stead. While the private interests of one citizen may be an interest shared by other members of the community for the purposes of establishing standing, the personal interest must still be pleaded and proved. *McCarthy*; *People ex rel. Buffalo Utility Co. v. Village of Buffalo Grove* (1967), 85 Ill. App. 2d 382, 229 N.E.2d 401; *People ex rel. Miller v. Fullenwider* (1928), 329 Ill. 65, 160 N.E. 175; *People ex rel. Durst v. Village of Germantown Hills* (1977), 51 Ill. App. 3d 969, 367 N.E.2d 426.

The private interest allegedly invaded must be directly, substantially, and adversely affected by the action sought to be challenged in the *quo warranto* proceeding. The damage to that private interest must be then occurring or certain to occur. The petitioner cannot rely on an expected damage to his private interests. *Durst.*

It has been held that only the Attorney General or State's Attorney, as representatives of the people, have standing to apply for a writ of *quo warranto* in matters of purely public interest or concern and that their discretion in these matters is absolute. (*People ex rel. Freeport Fire Protection District v. City of Freeport* (1980), 90 Ill. App. 3d 112, 412 N.E.2d 718.) The rationale for this position is that an individual does not have the requisite standing to challenge a purely public wrong. The interests which a citizen may have are not peculiar to that person as an individual but are interests which are held in common to every citizen and resident of the community. If citizenship was sufficient to entitle a

plaintiff to be granted leave to file the complaint in *quo warranto* it would follow that every citizen and resident would have an equal right to the use of writ. (*People ex rel. Hiller v. Bevirt* (1938), 297 Ill. App. 335, 17 N.E.2d 629.) In view of the restrictions placed upon the right of an individual to maintain the action under the statute and, at common law, courts have consistently held that the legislature did not intend by its enactment of section 2 of the *quo warranto* statute to lay in the hand of every citizen and resident the right to file and prosecute a *quo warranto* proceeding against a public official. *Hiller.*

While recognizing that the categories of public and private rights are not mutually exclusive (*People ex rel. McCarthy v. Firek* (1955), 5 Ill. 2d 317, 125 N.E.2d 637), plaintiff must nevertheless demonstrate that he has a personal interest which had been invaded which is sufficiently distinct from the interest of the general public even though other members of the general public may be affected in the same manner as plaintiff.

Plaintiff's first argument is that he has standing by reason of the fact that he is a taxpayer in Clark County. In *McCarthy* the supreme court held that certain voters, taxpayers, and owners of real estate within a sanitary district had standing to file a complaint against the trustee of the sanitary district. The court held that the interest of a taxpayer in a sanitary district which extended only one to two miles in each direction was sufficiently distinct from the interest of the general public to permit these individuals to maintain the action.

■■ We find plaintiff's reliance upon *McCarthy* inapposite. Irrespective of the fact that the taxpayer in *McCarthy* was only one of a group of similarly affected taxpayers and citizens, standing was nevertheless premised on direct adverse tax consequences. In this case, plaintiff has made no allegations of adverse tax consequences. Without an allegation of adverse effect, taxpayer status is not a basis for relief.

■■ Plaintiff also maintains he has standing because he is a citizen and voter in Clark County. In the first instance, plaintiff is not challenging the legality of any of the official acts of defendant which would be improper in a *quo warranto* proceeding. (*People ex rel. Chillicothe Township v. Board of Review* (1960), 19 Ill. 2d 424, 167 N.E.2d 553.) As such, defendant's occupation of the office of State's Attorney has not harmed plaintiff as a citizen in any respect which is distinct from the "harm" which has accrued to every other citizen.

The same rationale applies to plaintiff's claim that he has been harmed as a voter in Clark County. Though defendant maintains that democratic voters have been harmed to a greater extent than citizens whose political affiliation is otherwise, plaintiff nevertheless maintains that any voter has standing to challenge defendant's right to hold office.

This concession demonstrates that this status is not personal to plaintiff but is shared by the electorate at large irrespective of political party affiliation.

Plaintiff also argues that his status as democratic committeeman and central committee chairman of the party is a sufficiently distinct interest to permit the filing of the petition. As chairman of the central committee, plaintiff, under statute, may exercise certain powers and perform certain duties such as forwarding to the State Board of Elections the names and addresses of officers within the party elected by the party. (Ill. Rev. Stat. 1979, ch. 46, par. 7—9(a).) Though plaintiff may have certain powers and duties, officers of the party and plaintiff are not public officials. *People ex rel. Brundage v. Brady* (1922), 302 Ill. 576, 135 N.E. 87.

It has also been held that a *bona fide* public official does not have standing to challenge the alleged usurpation of another public office. (*Hiller.*) If public officers do not have automatic standing to challenge someone's right to hold a public office, it follows that plaintiff's status within a political party is not sufficient to confer standing upon plaintiff to maintain this action.

Further support for this conclusion can be found in the supreme court's opinion in *People ex rel. Rudman v. Rini* (1976), 64 Ill. 2d 321, 356 N.E.2d 4. In *Rudman,* the supreme court declared unconstitutional a statute which delegated to county central committees of the political party of which the incumbent was a candidate at the time of his election the ability to appoint replacements to fill vacancies that occurred between elections. The statute was struck down as an improper delegation of sovereign power.

One of the claims of the parties was that political party committees for the respective counties were on a par with public officers and could be delegated authority since they· were controlled by statute. The supreme court, however, disagreed, finding that the appointing committees were indistinguishable from private individuals. The court went on to state:

> "The committees do not carry the badge of public office. They are not accountable to the public, they give neither oath nor bond, and they do not separately substantially represent the polulace of the area affected by the appointment. (See *People ex rel. Kell v. Kramer*, 328 Ill. 512, 519; *Telcser v. Holzman*, 31 Ill. 2d 332, 336.) It is not the political party but the people that have the real interest in the vacant office, and the method of selection should reflect their choice as well as possible." 64 Ill. 2d 321, 327, 356 N.E.2d 4, 7.

This passage supports the conclusion that the interest of plaintiff as a democrat or as a particular officer within the local party committee is indistinguishable or undifferentiated from that of any other member of

that same party and, to some extent, from any voter or member of any other political party. In the absence of a distinguishable, personal interest, plaintiff has not demonstrated that he has standing sufficient to warrant the trial court's granting of his petition to file the writ. See also *Ney v. Whiteley* (1904), 26 R. I. 464, 59 A. 400.

Defendant's final contention is that if his status is not sufficient foundation upon which to ground standing, a question remains whether anyone can maintain a suit in this regard. We disagree. Clearly, a rival claimant to the office would have standing to challenge the present officeholder. (*People ex rel. Palmatier v. Tighe* (1956), 11 Ill. App. 2d 1, 135 N.E.2d 811; *People ex rel. Romano v. Krantz* (1958), 13 Ill. 2d 363, 150 N.E.2d 627.) In his petition, plaintiff alleged that the name of at least one other individual had been forwarded to the county board for consideration after the democratic central committee selected him for nomination to the vacancy. Since the record does not contain sufficient facts to demonstrate that this individual would, in fact, qualify as a rival claimant, we express no opinion as to that issue even though defendant concedes that this individual would be a rival claimant.

Defendant has also persuasively argued that any member of the board of supervisors who objected to defendant's appointment as State's Attorney would have standing to challenge his authority to hold that office. In this instance, standing would be predicated on the statutory authority and duty of the board to fill vacancies in the office. (Ill. Rev. Stat. 1979, ch. 46, par. 25—11.) Since the duty to appoint lies with the chairman of the board subject to advice and consent of the members thereof, the objecting board member would have a right to challenge appointments which do not comport with statutory requirements.

We are also persuaded that a special prosecutor, appointed by the court, would have standing to challenge defendant's authority to hold office. While we accept plaintiff's argument that his demand upon defendant to file suit against himself was without effect even though required by statute, plaintiff's remedy was to petition the court for the appointment of a special prosecutor under the authority of section 6 of "An Act in regard to attorneys general and state's attorneys" (Ill. Rev. Stat. 1979, ch. 14, par. 6), which authorizes appointment by the court of special prosecutors in cases in which the State's Attorney is an interested party. The statute also provides that the attorney so appointed shall have the same power and authority as the State's Attorney has. Upon appointment of the special prosecutor, plaintiff could then have made his demand upon said prosecutor to bring this action.

In sum, plaintiff has not substantiated his argument that if he does not have the necessary standing to file suit no one does. Thus, this court is not faced with the situation in which the law grants a right without a

concomitant remedy. We conclude that plaintiff has not demonstrated an interest sufficient to entitle him to file a complaint in *quo warranto*.

The trial court's order denying plaintiff's leave to file his complaint in *quo warranto* is therefore affirmed.

Affirmed.

GREEN, P. J., and MILLS, J., concur.