No. 3--03--1032

______________________________________________________________________________

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2005

 ) 

PEOPLE OF THE STATE OF ) Appeal from the Circuit Court

ILLINOIS, by Edward Smith, ) for the 21st Judicial Circuit,

State’s Attorney of the County ) Kankakee County, Illinois,

of Kankakee, Illinois. )

)

Plaintiff-Appellee, ) 

) No.  03--MR--887

) 

 ) 

REV.  ELMER E. WILSON, ) Honorable J. Scott Swaim

) Judge, Presiding.

Defendant-Appellant.     ) 

______________________________________________________________________________

MODIFIED UPON DENIAL OF PETITION FOR REHEARING

JUSTICE McDADE delivered the opinion of the court:

______________________________________________________________________________

In this case from the circuit court of Kankakee County, the defendant Reverend Elmer E. Wilson appeals from a determination that he improperly held two elected positions in the county, that of member of the Kankakee County Board and as board member of the Kankakee School District #111 (District 111).  In the court below, the Kankakee County State’s Attorney filed a 
quo warranto 
action against Rev. Wilson, seeking his ouster from the county board, and alleging that he held the position contrary to state law.  Rev. Wilson was elected to the Kankakee County Board on November 5, 2002.  On April 1, 2003, he was elected to the school board of District 111.  He continues to hold both offices pending the resolution of this appeal. The county alleges that the defendant’s occupancy of both offices creates an impermissible conflict of interest.  On a motion for summary judgment, the trial court granted relief to the county, and removed Rev. Wilson from the County Board.   He appeals. For the following reason, we agree that Rev. Wilson may not hold both positions at the same time.  We must, however, modify the judgment since we find that Rev. Wilson must be removed from the school board rather than the county board. 

ANALYSIS

The State alleges that Rev. Wilson is prohibited from holding the dual positions of county commissioner and  school board member by the Public Officer Prohibited Activities Act (50 ILCS 105/0.01 
et seq 
(West 2004)).  Section 1 of the statute states that 

"No member of a county board, during the term of office for which he or she is elected, may be appointed to, accept, or hold any office other than (I) chairman of the county board or member of the regional planning commission by appointment or election of the board of which he or she is a member or (ii) alderman of a city or member of the board of trustees of a village or incorporated town if the city, village, or incorporated town has fewer than 1,000 inhabitants and is located in a county having fewer than 50,000 inhabitants, unless he or she first resigns from the office of county board member or unless the holding of another office is authorized by law. 
Any such prohibited appointment or election is void
. This Section shall not preclude a member of the county board from being selected or from serving as a member of a County Extension Board as provided in Section 7 of the County Cooperative Extension Law as a member of an Emergency Telephone System Board as provided in Section 15.4 of the Emergency Telephone System Act, or as appointed members of the board of review as provided in Section 6-30 of the Property Tax Code. Nothing in this Act shall be construed to prohibit an elected county official from holding elected office in another unit of local government so long as there is no contractual relationship between the county and the other unit of local government."

(50 ILCS 105/1 (West 2004)) (emphasis added).

We believe that the provision is dispositive in this case.  The statute prohibits a member of a county board from holding any other office, except for several specifically enumerated circumstances not relevant here.  The statute states that any such election is void.  Therefore we find that the election of the defendant to the board of District 111 is void.

The defendant argues that the last sentence of the provision may be construed to allow him to hold both offices.  The sentence states that 
"[n]othing in this Act shall be construed to prohibit an elected county official from holding elected office in another unit of local government so long as there is no contractual relationship between the county and the other unit of local government."
 
(50 ILCS 105/1 (West 2004)). 
 We do not believe that the provision changes the result in this case.  According to the Illinois Constitution,  a school district is not a "unit of local government." Ill. Const. 1970, Art.  VII, § 1.  Therefore, the provision would not allow the defendant to hold a position as both county board member and school board member, even if the requisite lack of a contractual relationship was found.  

In addition, we believe that section 105/1.2 of the same act also requires that we affirm.  That statute provides:

[a] member of the county board in a county having fewer than 40,000 inhabitants, during the term of office for which he or she is elected, may also hold the office of member of the * * * board of school directors.  (50 ILCS 105/1.2 (West 2001)).

Implicit in the provision is that a member of the county board may not hold a position on a school board if the county has more than 40,000 residents.  We note that Kankakee county is well over that amount in terms of population. 

Consequently, we find that the trial court did not err in granting summary judgment in favor of the State.  We find, however, that pursuant to statute, Wilson must be removed from the position as member of the school board, rather than from his position on the county board.  We therefore remand so that the trial court may correct its order to remove the defendant from the Kankakee  school board.  

CONCLUSION

We find that the defendant, Reverend Elmer Wilson, was elected to the position of member of the school board of School District 111 in violation of the Public Officer Prohibited Activities Act.  Pursuant to the act, we further find that Wilson’s election to the school board was void, and that he must vacate the position.  The order of the circuit court of Kankakee County must be corrected to allow Reverend Wilson to hold the county board office only.  We  remand the matter for correction of the judgment as directed.

Affirmed and remanded. 

LYTTON and BARRY, J.J., concur.