THE PEOPLE, for use of State Board of Health, Defendant in Error, *vs.* J. GARTENSTEIN, Plaintiff in Error.

*Opinion filed February 25, 1911.*

1. CONSTITUTIONAL LAW—*words specified in section 33 of article 6 of constitution must be used if suit is a prosecution.* If a suit is a prosecution within the meaning of section 33 of article 6 of the constitution the court cannot dispense with the requirement that such prosecution shall be carried on "in the name and by the authority of the People of the State of Illinois," and conclude with the words "against the peace and dignity of the same," and the omission of such words may be taken advantage of on motion in arrest or on writ of error.

2. SAME—*meaning of the word "prosecutions," as used in section 33 of article 6 of the constitution.* The word "prosecutions," as used in section 33 of article 6 of the constitution, requiring prosecutions to be in a certain form, means prosecutions of a public or criminal character, and concerns the mode of formal accusation of offenders by presentment or indictment by a grand jury or by information.

3. SAME—*information in nature of quo warranto is to some extent a prosecution.* An information in the nature of *quo warranto* is the substitute for the ancient writ of *quo warranto,* and was, when introduced, essentially a criminal method of prosecution to punish encroachments upon the prerogative of the crown, and it still retains that character to the extent that the proceedings are in the name of the People and criminal in form, for the double purpose of punishing the usurper and ousting him from the enjoyment of the franchise.

4. SAME—*an action of debt to recover a penalty for practicing medicine without a license is not a "prosecution."* It is not a crime, either at the common law or by statute, to practice medicine without a license, and an action of debt to recover the penalty provided by statute for practicing medicine without a license is not a "prosecution," within the meaning of section 33 of article 6

of the constitution, but is a civil action, and the rules of criminal pleading and procedure do not apply.

5. SAME—*fact that defendant may be committed to jail to collect debt does not make the suit a prosecution.* The fact that the defendant to an action of debt to recover the penalty for practicing medicine without a license may be committed to jail as a method of collecting the penalty does not fix the character of the suit as a prosecution, as meant by section 33 of article 6 of the constitution.

6. SAME—*provision of Municipal Court act for review of judgments on writ of error is not invalid.* The provision of the Municipal Court act for a review of the judgments of such court by writ of error from the Supreme Court or Appellate Court is not in violation of section 26 of article 6 of the constitution, as that section relates only to such appeals to the criminal court as may be allowed by statute, and there is no statute providing for an appeal from the judgments of the municipal court.

7. APPEALS AND ERRORS—*appeal cannot be taken from municipal court to criminal court.* Section 26 of article 6 of the constitution authorizes the criminal court of Cook county to exercise the same jurisdiction as circuit courts in criminal matters in that county and provides that such appeals as may be allowed by law shall be taken to that court, but there is no statute allowing an appeal to that court from the municipal court of Chicago, and no one can prosecute an appeal by virtue of the constitution alone.

8. SAME—*error in denying an appeal to certain court does not render judgment erroneous.* Even though it were error to deny an appeal from the municipal court to the criminal court of Cook county, such error would not render the judgment of the municipal court erroneous nor require a reversal thereof by the Supreme Court on writ of error.

9. SAME—*when appeal cannot be allowed.* No appeal can be allowed in the absence of a statute authorizing such appeal and fixing the terms and conditions thereof.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN C. SCOVEL, Judge, presiding.

LOUIS GREENBERG, and HENRY A. BERGER, for plaintiff in error:

All prosecutions must be carried on "in the name and by the authority of the People of the State of Illinois," and conclude "against the peace and dignity of the same." This is a mandatory requirement. Proceedings carried on with-

out it are void. Const. 1870, art. 6, sec. 33; *Donnelly* v. *People,* 11 Ill. 552.

Practicing medicine without a license is made an offense by statute. Hurd's Stat. chap. 91, pars. 13, 14; *People* v. *Langdon,* 219 Ill. 189; *Bratsch* v. *People,* 195 id. 165.

A prosecution in *quo warranto* proceedings, while a civil case, must be carried on "in the name and by the authority of the People of the State of Illinois," and should conclude "against the peace and dignity of the same." *Hay* v. *People,* 59 Ill. 94; *Donnelly* v. *People,* 11 id. 552.

A proceeding by *quo warranto* is a civil case. *Ensminger* v. *People,* 47 Ill. 384.

All appeals in *quasi* criminal cases in Cook county must be taken to the criminal court. Const. 1870, art. 6, sec. 26; *Bratsch* v. *People,* 195 Ill. 165.

W. H. STEAD, Attorney General, and JOEL C. FITCH, (J. KENT GREENE, of counsel,) for the People:

The provision of section 33 of article 6 of the constitution of 1870 that all prosecutions shall be carried on "in the name and by the authority of the People of the State of Illinois," and conclude "against the peace and dignity of the same," does not refer to a civil action to recover a penalty imposed by statute. It refers to prosecutions that are criminal in form. *Newton* v. *People,* 72 Ill. 507.

An action of debt to recover a penalty imposed by statute is a civil suit, and where the act prohibited was not a crime at the common law and is not made a misdemeanor or a crime by the statute forbidding it, the action is not criminal in nature and not a criminal prosecution in any sense. *Partridge* v. *Snyder,* 78 Ill. 519; *Webster* v. *People,* 14 id. 365; *Newton* v. *People,* 72 id. 507; *Havana* v. *Biggs,* 58 id. 483; *Mitchell* v. *State,* 12 Neb. 538; *State* v. *Hayden,* 32 Wis. 663; *State* v. *Grove,* 77 id. 448.

The right to an appeal does not exist unless expressly given by statute. *Drainage Comrs.* v. *Harms,* 238 Ill. 414;

*Schooner Constitution* v. *Woodworth,* 1 Scam. 511; *Ward* v. *People,* 13 Ill. 635; *Kemper* v. *Waverly,* 81 id. 278; *Moore* v. *Wakefield,* 47 id. 167; *Skinner* v. *Lake View Avenue Co.* 57 id. 151.

Section 26 of article 6 of the constitution of 1870 did not grant the right of appeal to the criminal court of Cook county, but merely provided that if appeals should be allowed by law they should be taken to the criminal court. *Ingraham* v. *People,* 94 Ill. 428.

A constitutional provision which authorizes an appeal requires legislation to make it effective. *Drainage Comrs.* v. *Harms,* 238 Ill. 414.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

An action of debt was begun in the municipal court of the city of Chicago by the People of the State of Illinois, for the use of the State Board of Health, against J. Gartenstein, to recover the statutory penalty of $100 for practicing medicine without a license. A summons was issued and served upon defendant and he appeared and waived, in writing, a trial by jury. The court heard the evidence and found that the defendant was indebted to plaintiff in the sum of $100 as such penalty and rendered judgment for that amount and costs, and ordered that the defendant stand committed to the county jail until the debt should be paid or for a period not exceeding thirty days from the date of the commitment. The defendant prayed an appeal to the criminal court of Cook county, which the court refused to grant, and a writ of error was sued out from this court to review the judgment.

Counsel for plaintiff in error state the following points as grounds for a reversal of the judgment: First, that there was a violation of section 33 of article 6 of the constitution; second, that the court erred in refusing to grant

an appeal to the criminal court; third, that the provision of the Municipal Court act for the review of its judgments in criminal and *quasi* criminal cases by this court or the Appellate Court is in conflict with the constitution and void.

Section 9 of the act to·regulate the practice of medicine, in force July 1, 1899, (Laws of 1899, p. 273,) provides that a person practicing medicine without a license shall forfeit and pay to the People of the State of Illinois, for the use of the State Board of Health, the sum of $100 for the first offense and.$200 for each subsequent offense, to be recovered in an action of debt before any court of competent jurisdiction. Section 33 of article 6 of the constitution provides that all prosecutions shall be carried on "in the name and by the authority of the People of the State of Illinois," and conclude, "against the peace and dignity of the same," and that provision was not complied with in the statement of plaintiff's claim filed under the provisions of the Municipal Court act. Counsel for plaintiff in error contends that the suit was a prosecution and that the judgment must be reversed for a failure to obey the constitutional mandate, while the Attorney General insists that the question cannot be raised here because it was not raised in the trial court.

Counsel for plaintiff in error is correct in his position that if the suit was a prosecution the court could not dispense with words which are essential in all prosecutions and advantage of their omission can be taken on motion in arrest or on error. (*Hay* v. *People,* 59 Ill. 94.) The action of debt, however, was not a prosecution. The meaning of the word "prosecutions" was judicially determined by this court in *Donnelly* v. *People,* 11 Ill. 552, where the court said: "In its broadest sense the word 'prosecutions' would embrace all proceedings in the courts of justice, or even elsewhere, for the protection or enforcement of a right or the punishment of a wrong, whether of a public or private character. The word, as here used, however, has not that

comprehensive meaning, but signifies prosecutions of a pub-
lic or criminal character. When used in this sense it means
the mode of the formal accusation of offenders, and this
may be by presentment, information or indictment." At
common law the prosecution of offenders was by formal
accusation, either by presentment or indictment by a grand
jury or by information. (4 Blackstone, 301.) In crimi-
nal law a prosecution is the institution and continuance
of a criminal proceeding, as by indictment or information.
(Webster's Dict.) The meaning given to the constitu-
tional provision in *Donnelly* v. *People, supra,* was approved
and again declared in *Moutray* v. *People,* 162 Ill. 194,
where the case under consideration was distinguished from
the case of *Hay* v. *People, supra,* which was an informa-
tion in the nature of *quo warranto,* and the argument that
if such an information for the enforcement of civil rights
is a prosecution this suit must also be regarded as a prose-
cution was answered. The information in the nature of
*quo warranto* is the substitute for the ancient writ of *quo
warranto,* and when the proceeding by information was in-
troduced it was essentially a criminal method of prosecu-
tion to punish encroachments upon the prerogative of the
crown. It still retains that character to the extent that the
proceedings are in the name of the People and criminal
in form, for the double purpose of punishing the usurper
and ousting him from the enjoyment of the franchise. (32
Cyc. 1413; 23 Am. & Eng. Ency. of Law,—2d ed.—599.)
The suit in this case was neither criminal in form nor sub-
stance. It was not a crime at common law to practice
medicine without a license, and the statute does not make
it a crime. Where an offense is created by statute and a
penalty is fixed for its commission, which is to be recovered
by an action of debt and not by prosecution, the action is
civil and the rules of criminal pleading and procedure do
not apply to it. To practice medicine without a license is
no more a crime, either in its nature or by the statute, than

to peddle without a license, and in *Webster* v. *People,* 14 Ill. 365, where the action was to recover a penalty for peddling without a license, it was held that the suit was not criminal, either in form or substance; that the act was not an offense at the common law nor indictable under the statute; that it was not necessary to prove guilt beyond a reasonable doubt, and that either party might appeal. The case of *Town of Lewiston* v. *Proctor,* 27 Ill. 414, was an action to recover a penalty for obstructing a village street, and it was held that the rule in criminal prosecutions requiring the jury to be satisfied of the defendant's guilt beyond a reasonable doubt did not apply, and the same doctrine has been repeated in other cases. In *Town of Partridge* v. *Snyder,* 78 Ill. 519, the proceeding was to recover a penalty for obstructing a road, and it was held to be a civil action and not criminal nor of a criminal nature, and that either party might appeal. In a suit before a justice of the peace to recover a fine imposed by statute upon school officers for malfeasance in office it was held that the information need not be in writing nor in the name of the People. (*Newton* v. *People,* 72 Ill. 507.) The decision could only rest upon the ground that the suit was not a prosecution, since the fact that the statute does not provide for written pleadings in a justice's court would not authorize a justice of the peace to dispense with a constitutional requirement. The fact that the amount recovered was called a fine did not determine the nature of the action, but the real essence of the thing was that the amount recovered was a penalty. The same rule applies here, and the fact that the defendant may be committed to jail as a method of collecting the debt does not fix the character of the suit as a prosecution.

The second claim made for plaintiff in error is, that the judgment ought to be reversed because the court refused to grant an appeal to the criminal court. If the court erred in that respect the error would not render the judgment erroneous or require a reversal of it. But the court did not

err. The argument against the ruling of the court is based on section 26 of article 6 of the constitution, which provides that the criminal court shall have the jurisdiction of a circuit court in all cases of criminal and *quasi* criminal nature arising in the county of Cook or that may be brought before said court pursuant to law, and all recognizances and appeals taken in said county in criminal and *quasi* criminal cases shall be returnable and taken to said court. By that provision the criminal court is authorized to exercise the same jurisdiction as the circuit courts in criminal matters, and such recognizances and appeals as are provided for by statute are to be taken to that court. Neither recognizances nor appeals can be taken in any case nor to any court except as provided by statute, (*Drainage Comrs.* v. *Harms,* 238 Ill. 414,) and the General Assembly has not provided for any appeal from judgments of the municipal court. The method provided for the review of judgments of the municipal court is a writ of error from this court or the Appellate Court, and as there was no statute authorizing an appeal from the municipal court to the criminal court and fixing the terms and conditions of such appeal, none could be allowed. While a writ of error is a writ of right, no one can prosecute an appeal merely by virtue of the constitution.

What has been said disposes of the claim that the provision of the Municipal Court act for a review of its judgment by writ of error is in violation of section 26 of article 6 of the constitution, which only applies to appeals provided for by statute.

The judgment is affirmed.                *Judgment affirmed.*