961 N.E.2d 288 (2011)
The PEOPLE of the State of Illinois ex rel. Kevin Sean BALLARD, Quentin Chambers, Donia J. Gardner, G. Curtis Gardner, Michael K. Smith, Cynthia J. Helmer, Melissa E. Holden, William P. Holden, Rhonda L. Klesner, Dennis G. Koch, Kay E. Merrick, Claire Safford, Michael L. Schuttler, and Dennis C. William, Plaintiffs, and
Carol W. Nichols, William D. Daniels, and Glenn M. Bemis, Plaintiffs-Appellees,
v.
Melvin (Bud) NIEKAMP, Defendant-Appellant.
No. 4-10-0796.
Appellate Court of Illinois, Fourth District.
September 19, 2011.
*290 Jesse R. Gilsdorf (argued), of Mt. Sterling, for appellant.
John T. Inghram IV and RaNae A. Dunham Inghram (argued), both of Inghram & Inghram, of Quincy, for appellees.

OPINION
Justice POPE delivered the judgment of the court, with opinion.
¶ 1 On September 2, 2010, the trial court entered a judgment of ouster, ousting defendant Melvin (Bud) Niekamp from his office as a member of the Board of Education of the Quincy School District # 172 (school board) because he violated section 1 of the Public Officer Prohibited Activities Act (Act) (50 ILCS 105/1 (West 2008)). Niekamp appeals, arguing (1) plaintiffs Carol W. Nichols, William D. Daniels, and Glenn M. Bemis did not have standing to bring a quo warranto action against him; (2) plaintiffs were guilty of laches, improper motive, and waiver or acquiescence; and (3) the court improperly denied Niekamp's motion for summary judgment. We affirm.

¶ 2 I. BACKGROUND
¶ 3 In July 2009, the named plaintiffs with the exception of Nichols, Daniels, and Bemis filed the first application for leave to file a complaint in quo warranto, seeking the removal of Niekamp from the school board. Both the Illinois Attorney General's office and the Adams County State's Attorney's office had declined the plaintiffs' request to bring a quo warranto proceeding.
¶ 4 Eventually, after numerous motions and hearings, the original named plaintiffs were dismissed from the case, and the trial court granted leave for Nichols, Daniels, and Bemis to be added as relators to the application for leave to file the quo warranto action.
¶ 5 The parties stipulated to the following facts. Niekamp was first elected to the school board in November 1989 and has served continuously. He was most recently reelected in April 2009. That same month, he was administered the oath of office as a member of the school board.
¶ 6 Niekamp was first elected to the Adams County Board (county board) in November 1992. He was subsequently elected to consecutive terms on the county board. His most recent election was in November 2008. As a result, he was a sitting member of the county board when he took the school board oath of office in April 2009. In July 2009, Niekamp submitted his resignation as a member of the county board. The county board accepted his resignation that same month.
¶ 7 In May 2010, the trial court entered an order granting Nichols, Daniels, and Bemis leave to file a proceeding in quo warranto. The court found as follows: (1) each of the relators had standing to proceed in quo warranto; (2) defendant failed to prove any of the relators was guilty of laches or improper motives; (3) defendant failed to prove any of the relators had waived his or her right to object to defendant serving on the school board or had acquiesced thereto; and (4) the public interest would be served by granting the relief requested by the relators in their respective applications.
¶ 8 On May 17, 2010, Nichols, Daniels, and Bemis filed their complaint in quo warranto. On June 7, 2010, defendant filed a motion to dismiss and/or strike *291 pleadings. On June 14, 2010, plaintiffs filed a motion for summary judgment. On June 21, 2010, the trial court heard arguments on defendant's motion to dismiss and/or strike pleadings. The court granted the motion to strike certain paragraphs based on the parties' agreement and gave defendant until July 12, 2010, to file an answer and affirmative defenses. On July 12, 2010, defendant filed an answer to the quo warranto complaint and affirmative defenses.
¶ 9 On July 23, 2010, plaintiffs filed an amended motion for summary judgment. On August 10, 2010, defendant filed a motion for summary judgment. On September 2, 2010, the trial court entered a judgment of ouster.
¶ 10 This appeal followed.

¶ 11 II. ANALYSIS
¶ 12 As previously stated, Niekamp argues (1) plaintiffs Carol W. Nichols, William D. Daniels, and Glenn M. Bemis did not have standing to bring a quo warranto action against him; (2) plaintiffs were guilty of laches, improper motive, and waiver or acquiescence; and (3) the court improperly denied Niekamp's motion for summary judgment.

¶ 13 A. Plaintiff's Motion To Dismiss Appeal as Moot
¶ 14 Before we address defendant's arguments, we must determine whether this appeal is moot. After defendant filed his appeal, he subsequently ran for and was elected to another position on the school board on April 5, 2011. On April 20, 2011, defendant took the oath of office for this new position on the school board. On May 31, 2011, just over a week prior to oral arguments in this case, plaintiffs filed a motion to dismiss defendant's appeal as moot because his acceptance of the new position on the school board was a de facto resignation of the position at issue in this appeal. On June 2, 2011, we ordered the motion to dismiss taken with the case. Defendant opposed the motion to dismiss in both a written response and during oral argument.
¶ 15 After oral argument, on June 8, 2011, defendant filed a motion for leave to cite People ex rel. Courtney v. Botts, 376 Ill. 476, 34 N.E.2d 403 (1941), as supplemental authority in support of his argument plaintiffs' motion to dismiss this appeal as moot should be denied. On June 15, 2011, we allowed the motion to supplement and granted plaintiffs two weeks to respond if they so chose. On June 29, 2011, plaintiffs filed a response.
¶ 16 While we question whether our supreme court would uphold its decision in Botts today, we are bound by the opinion. As a result, based on Botts, we deny plaintiffs' motion to dismiss this appeal as moot. In Botts, 376 Ill. at 478-79, 34 N.E.2d at 403-04, the Cook County State's Attorney brought the quo warranto action to determine whether G.G. Botts was rightfully elected to a one-year term as director of the Riverview Park Company at a stockholders' meeting on December 12, 1938. On December 11, 1939, the trial court dismissed the quo warranto action. On December 20, 1939, Botts again was elected director of the Board. Botts, 376 Ill. at 479, 34 N.E.2d at 404. The State appealed the dismissal.
¶ 17 It does not appear anyone contested Botts's second election. As a result, the appeal of the quo warranto decision regarding the validity of Botts's first election would have had no effect on Botts's second election as director. However, the Cook County State's Attorney appealed the dismissal of the quo warranto action involving the first election. Botts argued the appeal should have been dismissed as moot.
*292 ¶ 18 Our supreme court did not agree the appeal was moot, stating:
"The Illinois [quo warranto] statute is modeled on the statute of Anne relating to quo warranto (9 Anne, chap. 20,) which was enacted for the purpose of rendering proceedings in the nature of quo warranto more speedy and effectual. It has been held that under that statute, and the statutes of other States containing a provision for a fine, the case does not become moot although the usurpation was not continued to the date of trial. [Citations.]
There are cases holding that the plaintiff or relator in a quo warranto proceeding may prosecute the case to a final judgment, notwithstanding the expiration of the term of office before the case is finally adjudicated. [Citations.]
* * * `[A quo warranto action] still retains that character to the extent that the proceedings are in the name of the People and criminal in form for the double purpose of punishing the usurper and ousting him from the enjoyment of the franchise.' [People v. Gartenstein, 248 Ill. 546, 551, 94 N.E. 128, 129 (1911).]
* * * The expiration of the office might terminate the private right of the plaintiff, but it would not terminate the jurisdiction of the court to adjudge punishment for the violation of the law. * * * We are of the opinion that the case did not become moot by termination of the term for which appellant Deering claimed he was elected." Botts, 376 Ill. at 480-81, 34 N.E.2d at 405.
Plaintiffs do not dispute Botts stands for the proposition a quo warranto proceeding retains a criminal character "for the double purpose of punishing the usurper and ousting him from the enjoyment of the franchise" (internal quotation marks omitted) (Botts, 376 Ill. at 481, 34 N.E.2d at 405). However, without explanation, plaintiffs argue a justiciable controversy no longer exists because defendant resigned the position at issue by accepting a new position on the school board.
¶ 19 We find a justiciable issue still exists, i.e., whether defendant should have been punished for serving on the school board and county board at the same time. This clearly appears minor and insignificant, considering defendant was not fined. However, Botts stands for the proposition a quo warranto action brought against a defendant does not become moot after the defendant no longer has any right to the position in question because he is still subject to punishment. It would be unfair to allow a quo warranto action to proceed simply to punish a defendant but not allow a defendant to appeal from the judgment in a quo warranto action because he no longer has any right to the position which started the cause of action.
¶ 20 As we find this case is not moot, we deny plaintiffs' motion to dismiss and turn to the issues raised by defendant: (1) whether plaintiffs Carol W. Nichols, William D. Daniels, and Glenn M. Bemis had standing to bring a quo warranto action against him; (2) whether plaintiffs were guilty of laches, improper motive, and waiver or acquiescence; and (3) whether the trial court improperly denied Niekamp's motion for summary judgment.

¶ 21 B. Standard of Review
¶ 22 We review a trial court's decision to give a plaintiff leave to file a quo warranto action under an abuse-of-discretion standard. People ex rel. Hanrahan v. Village of Wheeling, 42 Ill.App.3d 825, 833, 1 Ill.Dec. 524, 356 N.E.2d 806, 812 (1976). We review the grant of a motion for summary judgment under a de novo standard of review. Coole v. Central Area Recycling, 384 Ill.App.3d 390, 395, 323 Ill.Dec. 289, 893 N.E.2d 303, 308 (2008).

*293 ¶ 23 C. Standing
¶ 24 Niekamp first argues neither Daniels, Bemis, nor Nichols had standing to bring this quo warranto action. Section 18-102 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/18-102 (West 2008)) states:
"The proceeding shall be brought in the name of the People of the State of Illinois by the Attorney General or State's Attorney of the proper county, either of his or her own accord or at the instance of any individual relator; or by any citizen having an interest in the question on his or her own relation, when he or she has requested the Attorney General and State's Attorney to bring the same, and the Attorney General and State's Attorney have refused or failed to do so, and when, after notice to the Attorney General and State's Attorney, and to the adverse party, of the intended application, leave has been granted by the circuit court."
The question in this case is whether Daniels, Bemis, or Nichols had a sufficient personal interest to bring this quo warranto action.
¶ 25 A citizen's personal interest does not have to be unique to him. It can be shared by other members of the community for purposes of establishing standing. People ex rel. Turner v. Lewis, 104 Ill.App.3d 75, 77, 59 Ill.Dec. 879, 432 N.E.2d 665, 667 (1982). However:
"The private interest allegedly invaded must be directly, substantially, and adversely affected by the action sought to be challenged in the quo warranto proceeding. The damage to that private interest must be then occurring or certain to occur. The petitioner cannot rely on an expected damage to his private interests." Turner, 104 Ill.App.3d at 77, 59 Ill.Dec. 879, 432 N.E.2d at 668.
In other words, a plaintiff must "demonstrate that he has a personal interest which had been invaded which is sufficiently distinct from the interest of the general public even though other members of the general public may be affected in the same manner as plaintiff." Turner, 104 Ill. App.3d at 78, 59 Ill.Dec. 879, 432 N.E.2d at 668. Here, plaintiffs challenge Niekamp's election to the school board as void under the Act because he was an elected and sitting county board member at the time he was sworn on to the school board. See 50 ILCS 105/1 (West 2008).
¶ 26 Daniels and Bemis served on the school board with Niekamp. Their interests as school board members were sufficiently distinct from the interests of the general public. Niekamp's votes on issues before the school board clearly could affect the validity of board actions.
¶ 27 Neither party cites to any Illinois case directly on point on this issue. However, we find a decision by the West Virginia Supreme Court persuasive. In State ex rel. Morrison v. Freeland, 139 W.Va. 327, 81 S.E.2d 685, 687 (1954), overruled on other grounds by Marra v. Zink, 163 W.Va. 400, 256 S.E.2d 581, 586 (1979), members of the Clarksburg city council asked for leave to file a quo warranto action against two other city council members, alleging those members were not eligible to serve on the council. In order for the city council members to maintain a quo warranto action under the West Virginia statute, the West Virginia Supreme Court stated it was necessary that the council members had some substantial interest, special or peculiar to them, either in their individual or official capacity and not possessed by members of the general public as mere citizens and taxpayers. Morrison, 81 S.E.2d at 688.
¶ 28 The West Virginia Supreme Court found the city councilmen bringing the action *294 met this requirement. The court stated:
"The precise question to be determined here is whether members of a city council elected from certain wards have such an interest within the meaning of the statute to enable them to prosecute a proceeding in the nature of quo warranto, to have determined the right of another person to hold office as a member of that body from a different ward. We are cited no authority, and have found none, which seems directly in [sic] point. The charter of the City of Clarksburg provides for a city council of nine members. It also provides that five members thereof shall constitute a quorum, and that a majority vote of the members shall be necessary for the transaction of business, including the enactment of ordinances under which the municipality will be operated. Thus it will be seen that the vote of any member may often determine the success or failure of any motion before that body. This being true, can it be said, by any process of reasoning, that each member of the council is not interested, as an individual and as an officer, in having only properly elected officers participate in the transaction of the business of that body? Is not such interest of such dignity as to make it the duty of each member, either as an individual or as a member of that body, to prevent illegal or unauthorized participation in the voting on the important issues which must be settled by that body? Is not the interest of each member, because of the duties imposed, and the privileges granted, different and far more substantial than the interest of a mere citizen and taxpayer? We think it must be held that each member of the council is possessed of such an `interest' as entitles him to prosecute such an action. We think it can not be argued with much force that one in such position has no interest in seeing that the business of the council is not controlled by a mere usurper of office. To so construe the statute does not unduly extend or broaden the field of potential relators in such proceedings as to make possible undue harassment of those willing to accept office. It is more likely to cause only those who are in fact qualified to hold office to seek office. To hold otherwise would so limit the use of the proceeding as to render it practically useless." Morrison, 81 S.E.2d at 688.
We find the same reasoning applicable to Bemis and Daniels as members of a school board. As a result, we find the trial court did not err in finding they had standing to bring this quo warranto action.
¶ 29 Because we find Bemis and Daniels had standing as sitting school board members, we need not determine whether Nichols had standing.

¶ 30 D. Laches

¶ 31 Niekamp argues the relators in this case were guilty of laches, had improper motives for removing him from his position on the school board, and waived or acquiesced to his position on the school board. According to Niekamp, Daniels sat on the board with him for eight years, knowing Niekamp was also on the county board, and did not object to Niekamp serving on both boards at once. Niekamp argues Bemis sat on the school board for two years without taking any action against Niekamp. Niekamp also asserts Bemis nominated and voted for Niekamp for school board vice president and then resigned his own position as school board president, allowing Niekamp to ascend to that office.
¶ 32 Section 1 of the Act states:
"No member of a county board, during the term of office for which he or she is elected, may be appointed to, accept, or hold any office other than (i) chairman of *295 the county board or member of the regional planning commission by appointment or election of the board of which he or she is a member, (ii) alderman of a city or member of the board of trustees of a village or incorporated town if the city, village, or incorporated town has fewer than 1,000 inhabitants and is located in a county having fewer than 50,000 inhabitants, or (iii) trustee of a forest preserve district created under Section 18.5 of the Conservation District Act, unless he or she first resigns from the office of county board member or unless the holding of another office is authorized by law. Any such prohibited appointment or election is void. This Section shall not preclude a member of the county board from being selected or from serving as a member of a County Extension Board as provided in Section 7 of the County Cooperative Extension Law, as a member of an Emergency Telephone System Board as provided in Section 15.4 of the Emergency Telephone System Act, or as appointed members of the board of review as provided in Section 6-30 of the Property Tax Code. Nothing in this Act shall be construed to prohibit an elected county official from holding elected office in another unit of local government so long as there is no contractual relationship between the county and the other unit of local government. This amendatory Act of 1995 is declarative of existing law and is not a new enactment." 50 ILCS 105/1 (West 2008).
Under this statute, a sitting county board member is not allowed to simultaneously sit on a school board. People v. Wilson, 357 Ill.App.3d 204, 206, 293 Ill.Dec. 716, 828 N.E.2d 1214, 1216 (2005). However, this statute does not bar a county board member from running for a position on a school board. If a county board member wins election to the school board, no violation of the Act would occur so long as he is not serving on the county board when he takes his oath as a school board member.
¶ 33 As a result, this court need not look back eight years as Niekamp suggests. Niekamp's position on the school board was based on his election in the April 7, 2009, election. If Niekamp had resigned his seat on the county board prior to taking the oath of office for school board member on April 30, 2009, Niekamp could not have been removed from the school board pursuant to section 1 of the Act (50 ILCS 105/1 (West 2008)). As a result, we only look to whether Daniels and Bemis unreasonably delayed bringing this action after Niekamp was sworn in on April 30, 2009.
¶ 34 Laches is a not a mere delay, but a delay that works a disadvantage to another. People ex rel. McIntyre v. Keene, 322 Ill. 255, 257-58, 153 N.E. 379, 379 (1926). Daniels and Bemis did not wait long after April 30, 2009, to join this case. They were both parties to this action in just over six months after Niekamp took the oath of office for the school board seat. The original application for leave to file a quo warranto action was filed on July 24, 2009. On October 14, 2009, the trial court granted plaintiffs leave to add Daniels to their amended pleadings. On November 3, 2009, the trial court granted plaintiffs leave to add Bemis to their amended pleadings.
¶ 35 Niekamp has not established, nor even attempted to establish, how he was prejudiced by this six-month delay. He was ineligible to hold dual offices at the time he was sworn into the school board. Under the Act, this voided his election to the school board. The ouster merely accomplished what the Act already required.
¶ 36 In arguing the relators should have acted more quickly, Niekamp points to the fact Daniels and Bemis are charged with knowledge of section 1 of the Act (50 ILCS 105/1 (West 2008)) and had no excuse for *296 not acting sooner. However, this argument is a double-edged sword. Niekamp should have known taking the oath of office as a member of the school board while still a member of the county board would void his election to the school board.
¶ 37 We hold the trial court correctly found laches did not bar plaintiffs' action.

¶ 38 E. Summary Judgment
¶ 39 Finally, Niekamp argues the trial court should have granted his motion for summary judgment. He bases this argument on plaintiff's alleged failure to respond to the affirmative defenses he raised in his answer to the quo warranto complaint. Citing sections 2-602 and 2-610 of the Procedure Code (735 ILCS 5/2-602, 2-610 (West 2008)), Niekamp argues the allegations in his affirmative defenses are deemed admitted as a matter of law because plaintiffs did not respond.
¶ 40 Plaintiffs argue defendant forfeited this argument because he did not raise it in the trial court. After reviewing the record, it does not appear defendant raised this issue below. "It is well settled that issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal." Haudrich v. Howmedica, Inc., 169 Ill.2d 525, 536, 215 Ill.Dec. 108, 662 N.E.2d 1248, 1253 (1996).
¶ 41 Defendant's reply brief does not address plaintiffs' forfeiture argument. We find this argument forfeited.

¶ 42 III. CONCLUSION
¶ 43 For the reasons stated, we affirm the trial court's judgment.
¶ 44 Affirmed.
Justices TURNER and STEIGMANN concurred in the judgment and opinion.