# Illinois Official Reports

## Appellate Court

*People ex rel. Wofford v. Brown*, 2017 IL App (1st) 161118

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* W.C. WOFFORD, KEITH PRICE, and DONALD NESBIT, Plaintiffs, v. LAMONT D. BROWN, and THE CITY OF HARVEY, an Illinois Municipal Corporation, Defendants-Appellees (Keith Price, Plaintiff-Appellant). |
| District & No. | First District, Sixth Division<br>Docket No. 1-16-1118 |
| Filed | February 17, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2015-CH-09540; the Hon. Thomas R. Allen, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Shiller Preyar Law Offices, of Chicago (Brendan Shiller and Stephen Berrios, of counsel), for appellant.<br><br>No brief filed for appellees. |
| Panel | JUSTICE ROCHFORD delivered the judgment of the court, with opinion.<br>Presiding Justice Hoffman and Justice Cunningham concurred in the judgment and opinion. |

**OPINION**

¶ 1    Plaintiff-appellant, Keith Price, appeals from the denial of a petition for leave to file a *quo warranto* complaint seeking the removal of defendant-appellee, Lamont D. Brown, from the office of alderman of the fourth ward of defendant-appellee, the City of Harvey (the City). For the following reasons, we reverse and remand.

¶ 2    Mr. Brown was elected alderman of the fourth ward of the City and sworn into office on May 11, 2015, as one of the seven members of the city council (comprised of six aldermen and the mayor). Prior to his election, however, Mr. Brown was convicted of two felonies: possession of a controlled substance in 1991 and possession of a stolen motor vehicle in 1994.

¶ 3    On June 18, 2015, W.C. Wofford, as a citizen and resident of the fourth ward, filed a petition for leave to file a *quo warranto* complaint seeking the removal of Mr. Brown as alderman. Mr. Wofford alleged in the petition and attached proposed complaint that, under section 3.1-10-5(b) of the Illinois Municipal Code (65 ILCS 5/3.1-10-5(b) (West 2014)), Mr. Brown was ineligible to hold an elected municipal office in that he had been twice convicted of a felony. Mr. Wofford further maintained that, prior to Mr. Brown taking office, written requests had been submitted to the offices of the Illinois Attorney General (AG) and the State's Attorney of Cook County (SA) to bring a *quo warranto* action against Mr. Brown, but they had failed to do so. Certified records of Mr. Brown's convictions were attached to the petition.

¶ 4    On July 6, 2015, the circuit court granted Mr. Wofford leave to file the proposed *quo warranto* complaint *instanter* against defendants-appellees, the City and Mr. Brown. Subsequently, the court entered an order on July 22, 2015, granting Mr. Wofford's emergency motion for a temporary restraining order (TRO) which prohibited Mr. Brown from exercising the powers and authority of the office of alderman. Mr. Brown was not present in court.

¶ 5    On July 28, 2015, Mr. Brown filed a motion to dissolve the TRO arguing, in part, that Mr. Wofford, as a private individual, did not have standing to bring the *quo warranto* action because the relevant issue was one of public interest and Mr. Wofford had no distinct private interest in the matter. Mr. Brown also maintained that Mr. Wofford was motivated to bring the action for political reasons, as he was aligned with the mayor of the City on certain key issues in opposition to Mr. Brown. The circuit court, on July 30, 2015, granted that motion and entered an order which vacated and dissolved the TRO and set a schedule on a motion to dismiss the complaint due to Mr. Wofford's lack of standing to pursue a *quo warranto* action.

¶ 6    On August 7, 2015, Mr. Brown filed a motion under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2014)) to dismiss the action on the ground that Mr. Wofford lacked standing. The motion argued that the issue raised in the complaint, as to Mr. Brown's eligibility to hold office, was purely one of public interest and could only be brought by the AG or SA. The motion further asserted that, even if the question was not one of public interest, Mr. Wofford's status as a citizen and taxpayer of the fourth ward did not give him standing under established case law.

¶ 7    Mr. Wofford did not respond to the motion. Instead, on August 24, 2015, Mr. Wofford, with Keith Price and Donald Nesbit as additional relators (collectively referred to as

plaintiffs-aldermen), filed an amended petition for leave to file a *quo warranto* complaint seeking to remove Mr. Brown as alderman.[1] In the amended petition, Mr. Price alleged that he is a resident, citizen, and duly elected alderman of the sixth ward of the City, and Mr. Nesbit contended that he is a resident, citizen, and duly elected alderman of the fifth ward of the City.

¶ 8    Mr. Brown filed a response in opposition to the amended petition contending that the three named relators lacked standing to bring a *quo warranto* action. Plaintiffs-aldermen replied that they, as aldermen, possessed private interests which were distinct and separate from those of other citizens. Specifically, plaintiffs-aldermen alleged that they have been forced to exercise their legislative authority—to enact legislation and determine public policy—with Mr. Brown, who was not qualified to hold office. In support of their standing argument, plaintiffs-aldermen cited the decision in *People ex rel. Ballard v. Niekamp*, 2011 IL App (4th) 100796, which held that members of a local board of education had standing to bring a *quo warranto* action seeking the removal of another member of the board for that board member's violation of the Public Officer Prohibited Activities Act (Act) (50 ILCS 105/1 (West 2008)). *Niekamp*, 2011 IL App (4th) 100796, ¶ 1.

¶ 9    On February 18, 2016, the circuit court entered an order which denied the amended petition for leave to file a *quo warranto* complaint. In so doing, the court rejected the applicability of *Niekamp* and found that plaintiffs-aldermen lacked standing to bring a *quo warranto* action, as they possessed the same interest in the removal of Mr. Brown from his office as those of all citizens of the City and the "public at large." The court also concluded that the suit would cause "chaos" and not benefit the public.

¶ 10    Mr. Price filed a motion for reconsideration of the order denying the amended petition, which was adopted by Mr. Wofford and Mr. Nesbit. In his motion, Mr. Price argued that the court erred in its conclusion that he lacked a private interest distinct from the public in general. Mr. Price asserted that as an alderman, he was sworn to uphold the law and owed fiduciary duties to the public in fulfilling his official duties. Further, Mr. Brown's presence on the city council subjected its work and actions to challenges and questions of validity. The court denied the motion to reconsider.

¶ 11    Only Mr. Price (plaintiff-appellant) has appealed from the orders denying the amended petition and reconsideration of that denial. In addition, defendants-appellees have not filed a brief with this court. However, since the record is simple and the issues on appeal are such that we can decide them without the aid of an appellee's brief, we will review the case on the appellant's brief alone. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 12    *Quo warranto* proceedings provide an extraordinary remedy and are now codified under article 18 of the Code of Civil Procedure (*quo warranto* statute) (735 ILCS 5/18-101 *et seq.* (West 2014)). *People ex rel. Graf v. Village of Lake Bluff*, 206 Ill. 2d 541, 547 (2003). Section 18-102 of the *quo warranto* statute provides:

---

[1]The amended petition did not refer to or seek to adopt the original *quo warranto* complaint brought by Mr. Wofford individually, and thus, this " 'earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn.' " *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 154 (1983) (quoting *Bowman v. County of Lake*, 29 Ill. 2d 268, 272 (1963)).

"The proceeding shall be brought in the name of the People of the State of Illinois by the [AG] or [SA] of the proper county, either of his or her own accord or at the instance of any individual relator; or by any citizen having an interest in the question on his or her own relation, when he or she has requested the [AG] and [SA] to bring the same, and the [AG] and [SA] have refused or failed to do so, and when, after notice to the [AG] and [SA], and to the adverse party, of the intended application, leave has been granted by the circuit court." (Emphasis added.) 735 ILCS 5/18-102 (West 2014).

¶ 13    Thus, where a case involves matters of purely public interest, only the AG or the SA "as representatives of the people, have standing to institute *quo warranto* proceedings." *Henderson v. Miller*, 228 Ill. App. 3d 260, 266 (1992) (citing *People ex rel. Raster v. Healy*, 230 Ill. 280 (1907)). However, where the AG or the SA fails to file suit, a *quo warranto* action may be pursued by an interested party, with leave of court, to challenge a public official who "usurps, intrudes into, or unlawfully holds or executes any office, or franchise, or any office in any corporation created by authority of this State." 735 ILCS 5/18-101(1) (West 2014); see also *Parker v. Lyons*, 757 F.3d 701, 704 (7th Cir. 2014) ("The purpose of a *quo warranto* action generally 'is to question whether a person lawfully holds title to office.' " (quoting *McCready v. Secretary of State*, 382 Ill. App. 3d 789, 801 (2008), and citing 735 ILCS 5/18-101 (West 2014))). If a *quo warranto* action is successful, the public official may be removed from office. 735 ILCS 5/18-108 (West 2014).

¶ 14    Pursuant to the *quo warranto* statute, therefore, "a private citizen seeking to bring an action in *quo warranto* on his own behalf must first request the [AG] or the [SA] to file the action. [Citation.]" *Henderson*, 228 Ill. App. 3d at 267. Further, an individual seeking leave to file suit "must demonstrate that he has standing by showing that he has a private interest which is directly, substantially and adversely affected by the challenged act, which is either then occurring or certain to occur, and which is distinct from the interests of the general public, even though some members of the public might be affected in the same manner." *Id.* (citing *People ex rel. Turner v. Lewis*, 104 Ill. App. 3d 75 (1982)). The asserted private interest must be pled with specificity and not by mere conclusory assertions. *People ex rel. Hanrahan v. Village of Wheeling*, 42 Ill. App. 3d 825, 833 (1976).

¶ 15    Because an individual does not have a right to file a *quo warranto* action, "[g]ranting leave to file a complaint in quo warranto is a matter within the sound discretion of the trial court." *People ex rel. Durst v. Village of Germantown Hills*, 51 Ill. App. 3d 969, 972 (1977). The court must consider the conditions and circumstances of the case, the motives of the relators in seeking to bring the action, the necessity for the requested remedy, and whether the interests of the public will be served by the suit. *People ex rel. Muhammad v. Muhammad-Rahmah*, 289 Ill. App. 3d 740, 746 (1997) (citing *People ex rel. Hansen v. Phelan*, 158 Ill. 2d 445, 449 (1994)). A decision to grant or deny a petition for leave to file an action will be overturned only where there has been a clear abuse of discretion or "an application of impermissible legal criteria." *Graf*, 206 Ill. 2d at 547 (citing *Boatmen's National Bank of Belleville v. Martin*, 155 Ill. 2d 305, 314 (1993)). However, the issue of whether a plaintiff has standing is reviewed *de novo*. *Barber v. City of Springfield*, 406 Ill. App. 3d 1099, 1101 (2011).

¶ 16    Here, plaintiff-appellant specifically seeks to remove Mr. Brown from office pursuant to section 3.1-10-5(b) of the Municipal Code, which provides:

"A person is not eligible to take the oath of office for a municipal office if that person is, at the time required for taking the oath of office, in arrears in the payment of a tax or other indebtedness due to the municipality or has been convicted in any court located in the United States of any infamous crime, bribery, perjury, or other felony." 65 ILCS 5/3.1-10-5(b) (West 2014).

Section 3.1-10-5(b) has been interpreted to disqualify an individual with a felony conviction from holding the office of alderman. See *Bryant v. Board of Election Commissioners*, 224 Ill. 2d 473, 474 (2007). This provision "ensure[s] public confidence in the honesty and integrity of those serving in state and local offices." *People v. Hofer,* 363 Ill. App. 3d 719, 723 (2006) (citing *People ex rel. Ryan v. Coles*, 64 Ill. App. 3d 807, 811-12 (1978)).

¶ 17        As such, a *quo warranto* action is indisputably and generally a proper procedure for seeking Mr. Brown's removal from office due to his prior convictions, pursuant to section 3.1-10-5(b). See *Alvarez v. Williams*, 2014 Il App (1st) 133443, ¶ 3 (*quo warranto* action against board of education member based on claim of ineligibility due to prior conviction); *Hofer* 363 Ill. App. 3d at 720 (where *quo warranto* action was brought to remove trustee of village for prior felony conviction).

¶ 18        The specific question raised on appeal is whether plaintiff-appellant, as alderman of the sixth ward of the City, has standing under section 18-102 of the *quo warranto* statute to bring a *quo warranto* action challenging Mr. Brown's occupation of the office of alderman of the fourth ward of the City. The *quo warranto* statute does not specifically define the term "interest" as used in section 18-102. However, as we have discussed above, to establish standing an individual must have a specific interest distinct from an injury common to the public which is directly, substantially, and adversely affected by the challenged action. *Graf*, 206 Ill. 2d at 547-48; *Lewis*, 104 Ill. App. 3d at 77. With respect to this requirement, we note that aldermen are elected officials of a municipality and vested with "purely legislative" authority. 65 ILCS 5/6-4-6 (West 2014). Aldermen owe fiduciary duties to their municipality (*Chicago Park District v. Kenroy, Inc.*, 78 Ill. 2d 555, 564 (1980)) and "the people they represent" (*People v. Savaiano*, 66 Ill. 2d 7, 15 (1976) (citing *City of Chicago ex rel. Cohen v. Keane*, 64 Ill. 2d 559, 565 (1976))).

¶ 19        Plaintiff-appellant argues that, under this precedent, he has an interest in a *quo warranto* action to remove Mr. Brown from the city council that is separate and distinct from the interest possessed by other members of the public. As set forth in the amended petition, plaintiff-appellant maintains that, if Mr. Brown is not removed from office, plaintiff-appellant "will continuously be forced to exercise the duties of his office with [Mr. Brown], who is not qualified to hold elected municipal office because he is a convicted felon." Plaintiff-appellant argues that his oath of office requires that he uphold the constitution and statutes of this state and is obligated to fulfill his fiduciary duties.

¶ 20        On the issue of standing, we find the aforementioned *Niekamp* decision controlling. In that case, the defendant was removed as a member of the board of education of Quincy School District No. 172 (school board) for violating section 1 of the Act. *Niekamp*, 2011 IL App (4th) 100796, ¶¶ 1-10. The defendant had violated the Act by being a member of the county board at a time when he was a member of the school board. The *quo warranto* suit was filed by other members of the school board and alleged that the defendant's election to the school board was void. *Id.*

¶ 21    On appeal, the defendant challenged the standing of the plaintiffs to bring the suit. The appellate court found that, as fellow members of the school board, the plaintiffs' interests "were sufficiently distinct from the interests of the general public" in that the defendant's "votes on issues before the school board clearly could affect the validity of board actions." *Id.* ¶ 26.

¶ 22    In reaching this conclusion, the *Niekamp* court found a decision from the West Virginia Supreme Court persuasive. *Id.* ¶ 27 (citing *State ex rel. Morrison v. Freeland*, 81 S.E.2d 685, 687 (W. Va. 1954), *overruled on other grounds by Marra v. Zink*, 256 S.E.2d 581, 586 (W. Va. 1979)). In that case, members of a city council, which was composed of a total of nine members, sought leave to file a *quo warranto* action against another member. Similarly to Illinois, the West Virginia *quo warranto* statute required that an individual seeking to bring such an action must be "interested" in the prosecution in order to have standing. *Morrison*, 81 S.E.2d at 687. The West Virginia Supreme Court in *Morrison* noted that, because of the size of the body, a vote of a single member "may often determine the success or failure of any motion before that body." *Id.* at 688. As the *Niekamp* court quoted extensively, the West Virginia Supreme Court then found the plaintiffs in that case had standing, reasoning that:

> " 'The precise question to be determined here is whether members of a city council elected from certain wards have such an interest within the meaning of the statute to enable them to prosecute a proceeding in the nature of *quo warranto*, to have determined the right of another person to hold office as a member of that body from a different ward. We are cited no authority, and have found none, which seems directly in [*sic*] point. The charter of the City of Clarksburg provides for a city council of nine members. It also provides that five members thereof shall constitute a quorum, and that a majority vote of the members shall be necessary for the transaction of business, including the enactment of ordinances under which the municipality will be operated. Thus it will be seen that the vote of any member may often determine the success or failure of any motion before that body. This being true, can it be said, by any process of reasoning, that each member of the council is not interested, as an individual and as an officer, in having only properly elected officers participate in the transaction of the business of that body? Is not such interest of such dignity as to make it the duty of each member, either as an individual or as a member of that body, to prevent illegal or unauthorized participation in the voting on the important issues which must be settled by that body? Is not the interest of each member, because of the duties imposed, and the privileges granted, different and far more substantial than the interest of a mere citizen and taxpayer? We think it must be held that each member of the council is possessed of such an "interest" as entitles him to prosecute such an action. We think it can not be argued with much force that one in such position has no interest in seeing that the business of the council is not controlled by a mere usurper of office. To so construe the statute does not unduly extend or broaden the field of potential relators in such proceedings as to make possible undue harassment of those willing to accept office. It is more likely to cause only those who are in fact qualified to hold office to seek office. To hold otherwise would so limit the use of the proceeding as to render it practically useless.' "
> *Niekamp*, 2011 IL App (4th) 100796, ¶ 28 (quoting *Morrison*, 81 S.E.2d at 688).

¶ 23    Like the *Niekamp* court, we too find *Morrison* persuasive. Because of the size of the council of the City—seven members—the involvement and vote of one alderman is significant. Plaintiff-appellant, as another member of the city council, has an interest in assuring that the legislative process is not tainted by one who "usurps" an office of government (735 ILCS 5/18-101(1) (West 2014)) and has a duty to prevent someone who is not eligible to hold the office of alderman from participating in the council's business. Plaintiff-appellant, as an alderman and member of the city council, has a substantial interest in a *quo warranto* action seeking the removal of Mr. Brown, based on his ineligibility to hold the office of alderman. That interest is distinct from the interest of the general public.

¶ 24    Based on our *de novo* review of the standing issue, we therefore find that plaintiff-appellant has standing to bring a *quo warranto* action seeking the removal of Mr. Brown from the office of alderman of the fourth ward of the City. In reaching this conclusion, we again note that defendants-appellees have not filed an appellate brief. Any alternative arguments they might have raised are therefore forfeited, as a party forfeits points not argued in their brief. Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013). We also again note that neither Mr. Wofford nor Mr. Nesbit have participated in this appeal. However, because we find plaintiff-appellant has standing as a sitting alderman of the City, we need not determine whether either Mr. Wofford or Mr. Nesbit also have standing. *Niekamp*, 2011 IL App (4th) 100796, ¶ 29.

¶ 25    Finally, we note that in denying the amended petition, the circuit court also found that the *quo warranto* action would cause "chaos" and would therefore not benefit the public. A court "may consider the public interest in determining whether to grant or deny leave to file a complaint in *quo warranto*." *People ex rel. Nelson v. Village of Long Grove*, 169 Ill. App. 3d 866, 876-77 (1988) (citing *People ex rel. Koplin v. Village of Hinsdale*, 38 Ill. App. 3d 714, 718 (1976)). Here, plaintiff-appellant seeks to file a *quo warranto* action based on Mr. Brown's undisputed ineligibility to hold the office of alderman under section 3.1-10-5(b), which as we have discussed seeks to protect the confidence of the public in the honesty and integrity of local elected officials. *Hofer*, 363 Ill. App. 3d at 723. Thus, the public interest would actually be well-served if plaintiff-appellant was allowed to pursue the action to determine Mr. Brown's eligibility to hold office under section 3.1-10-5(b).

¶ 26    Because plaintiff-appellant had standing to bring a *quo warranto* action against Mr. Brown and the public interest would be served by such an action, we find the circuit court abused its discretion by denying the amended petition for leave to file a *quo warranto* action and the motion seeking reconsideration of that decision.

¶ 27    For the reasons stated above, we reverse the orders denying the amended petition to file a *quo warranto* action and denying reconsideration of that order, and remand this matter with directions to grant the amended petition for leave to file a complaint in *quo warranto*.

¶ 28    Reversed and remanded.